David Lee Salinas v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-338-CR

DAVID LEE SALINAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

A jury convicted Appellant David Lee Salinas of aggravated sexual assault of a child and assessed his punishment at sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000.  The trial court sentenced him accordingly.  Appellant brings two points on appeal, arguing that the trial court erred in (1) granting the State’s challenge for cause to a member of the venire and (2) permitting the State’s expert to testify that she made a diagnosis of sexual abuse based solely on the self-reported medical history of the complainant because the expert’s testimony necessarily constituted a direct opinion on the credibility of the complainant.  Because we hold that Appellant did not preserve his jury selection complaint and that the trial court’s error in admitting the expert’s testimony is not reversible, we affirm the trial court’s judgment.

Background Facts

At trial, H.W., the eight-year-old complainant, testified.  She said that when she was six years old, she was awakened by Appellant, her cousin’s husband, penetrating her anally with his finger.  She saw his face.  H.W. demonstrated to the jury what had happened with anatomically correct dolls.  The evidence showed that within twenty-four hours, H.W. told her mother what had happened, and H.W. was taken to the hospital.  Approximately four and a half months later, Dr. Jamye Coffman performed a sexual assault examination on the complainant, finding no physical evidence of sexual assault.

Expert Testimony

In his second point, Appellant raises a troubling issue, alleging that the trial court improperly admitted expert testimony that directly commented on the credibility of the complainant.  Regarding the details of the offense, the complainant testified only that Appellant had penetrated her anus with his finger.  The State later called Dr. Jamye Coffman, a pediatrician who specializes in child sexual abuse cases.  Four and a half months after the event to which the complainant testified, Dr. Coffman examined her.  Dr. Coffman testified, and it is common knowledge, that generally there will be no physical evidence of the mere insertion of a finger into the anus of a six-year-old child.  Yet Dr. Coffman was allowed to testify over Appellant’s objection that she diagnosed sexual abuse based solely upon the history provided by the complainant, and “she had an exam which was consistent with that history.”  That is, Coffman diagnosed sexual abuse by digital penetration of the anus because the child told her that digital penetration had occurred and because there was no physical evidence of any sexual abuse. 

It is well settled that a witness may not give an opinion as to the truth or falsity of other evidence.
(footnote: 1)  In 
Schutz
, the Texas Court of Criminal Appeals held that the State’s expert’s statements that (1) the complainant did not exhibit any evidence of fantasizing in her testimony, (2) manipulation was a less likely explanation for the complainant’s allegations, and (3) the complainant’s allegations were not the result of fantasy constituted direct comments upon the truth of the complainant’s allegations.
(footnote: 2)
 In 
Yount
, the Texas Court of Criminal Appeals examined the testimony of a pediatrician who was allowed to testify that her examination of the eight-year-old complainant, who had alleged digital penetration of the vagina, yielded no indications of abuse, but that of the hundreds of children she had examined, she had “seen very few cases where the child was actually not telling the truth.”
(footnote: 3)  The 
Yount
 court noted that “[v]irtually every jurisdiction which has addressed, in the context of a child sexual assault case, the admissibility of direct testimony as to the truthfulness of the child complainant, has held that such direct testimony is inadmissible.”
(footnote: 4)
 Our sister court in Dallas has also dealt with the propriety of expert testimony in a child sexual abuse case when the expert testimony went only to matters within the jurors’ experience.
(footnote: 5)  The 
Kirkpatrick
 court relied in part on the Texas Court of Criminal Appeals opinion in 
Steve v. State
:
(footnote: 6)  “Whenever the jury is in possession of the same information as the witness and the jury can fully understand the matter and draw the proper inferences and conclusions, the witness’s testimony is unnecessary and inadmissible.”
(footnote: 7)
 In the case now before this court, the testimony of Dr. Coffman was a direct comment on the credibility of the complaining witness.  Although Dr. Coffman could legitimately testify that she found no evidence of sexual abuse, she was allowed to testify over objection as follows:

Q. Did you conduct a physical exam of her after that history was taken?

A. Yes.

Q. And were there any physical findings?

A. No, there were not.  She had a normal exam.

. . . .

Q. Did you make a diagnosis in this case?

A. Yes.

Q. And what was that diagnosis?

A. The diagnosis is sexual abuse, and that was based on her history and that she had an exam which was consistent with that history.

. . . .

Q. And a diagnosis by history, is that generally accepted in your profession?

A. Yes.

Because there was no physical indication of digital penetration, Coffman’s testimony can only be seen as an attempt to directly bolster the credibility of the complainant and a direct comment on the complainant’s truthfulness.  Although Dr. Coffman could properly testify that the physical exam was normal, the trial court abused its discretion in admitting Dr. Coffman’s testimony that she had diagnosed sexual abuse based on the child’s medical history.

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.
(footnote: 8)  Because Appellant has not raised constitutional concerns on appeal, we treat this as an error in the admission of evidence, which is not constitutional.
(footnote: 9)  Consequently, rule 44.2(b) is applicable.
(footnote: 10)  Therefore, we are to disregard the error unless it affected Appellant’s substantial rights.
(footnote: 11)  A substantial right is affected when the error had a substantial and injurious effect or influence on the jury’s verdict.
(footnote: 12)  In making this determination, we review the record as a whole.
(footnote: 13)
 Our review of the record shows that the complainant’s testimony about the sexual assault was clear and unequivocal and included a visual demonstration with anatomically correct dolls.  Further, her outcry was prompt, occurring the day after the incident in question.  Finally, our examination of the State’s final argument shows that the State did not emphasize Dr. Coffman’s testimony.  Under the limited facts of this case, we hold that the error in admitting Dr. Coffman’s testimony concerning the complainant’s credibility did not have a substantial and injurious effect or influence on the jury’s verdict. We are mindful of the fifth prong of the 
Harris
 factors, that is, the likelihood that an error will be repeated with impunity,
(footnote: 14) but the record in the particular case before us does not provide evidence concerning this prong.  Consequently, we overrule Appellant’s second point.

Challenge for Cause

In his first point, Appellant argues that the trial court erred in granting the State’s challenge to a venire member who said that he could never convict on the testimony of a single witness.  At trial, Appellant objected that the State’s question was an improper commitment question.  On appeal, he argues that the venire member was not disqualified as a juror.  Because Appellant’s complaint on appeal does not comport with his objection at trial, this complaint is not preserved for review.
(footnote: 15)  We overrule Appellant’s first point.

Conclusion

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED:  May 19, 2005

FOOTNOTES
1:
Schutz v. State
, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); 
Yount v. State
, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993).

2:
Schutz
, 957 S.W.2d at 59.

3:
Yount
, 872 S.W.2d at 708.

4:
Id.
 at 711 & n.8.

5:
Kirkpatrick v. State
, 747 S.W.2d 833 (Tex. App.—Dallas 1987, pet. ref’d), 
overruled on other grounds
, 
Duckett v. State
, 797 S.W.2d 906 (Tex. Crim. App. 1990).

6:
614 S.W.2d 137 (Tex. Crim. App. 1981).

7:
Id
. at 139.

8:
Tex. R. App. P.
 44.2.

9:
See Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

10:
Tex. R. App. P.
 44.2(b).

11:
Id.
;
 see Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999); 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d) (en banc).

12:
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall,
 961 S.W.2d at 643.

13:
Kotteakos
, 328 U.S. at 764-65, 66 S. Ct. at 1248.

14:
Harris v. State
, 790 S.W.2d 568, 585-87 (Tex. Crim. App. 1989).

15:
See 
Tex. R. App. P.
 33.1(a)(1)(A); 
Heidelberg v. State
, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004)
; 
Mosley
, 983 S.W.2d at 265; 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).