# 657·15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 2 2 2015

Abel Acosta, Clerk

JAMIE LEE FORD

PETITIONER

PETITION FOR DISCRETIONARY REVIEW

WITH BRIEF IN SUPPORT

FILED IN
COURT OF CRIMINAL APPEALS

JUL 2 2 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

PAGE

COVER PAGE

INDEX OF AUTHORITEES          A

STATEMENT OF THE CASE          B

ISSUES PRESENTED          C

STATEMENT OF FACTS          C

ARGUMENT          1-3

summary of the argument          3

PRAYER          3

CERTIFICATE OF SERVICE          4 8

# INDEX OF AUTHORITIES

PAGE

Cohn v State 849 Sw2d p 817 (Tex.crim.app 1993)   2

Duckett v State 797 sw2d p906 (tex.crim.app1990)   2

Fuller v State 224 sw3d p823 (Tex.app-Texarkana 2007)RR   3

In RE BLD 113 sw3d p340 (Tex 2003)   1

Montgomery v State 810 sw2d p372 (Tex.crim.app 1990)   2

Salinas v State 166sw3d p 368 (tex.app-ft Worth 2005)   1

Sessums v State 129 sw3d p242 (Tex.app-texarkana 2004)RR   3

State v Bailey 201 sw3d p 739 (Tex.crim.app 2006)RR   1

Tittizer v Union Gas Corp 171 sw3d p857 (Tex 2005)   1

Vela v State 159 Sw3d p172 (Tex.app-Corpus Christi 2006)   2

Young v State 137 sw3d p 65,72 (Tex.Crim.app 2004)   2

## TEXAS RULES

T.R.A.P. 38.9   1

A

**A**

## STATEMENT OF THE CASE

This case involves a jury trial of Jamie Lee ford for the offense of contionus sexual abuse of a child under the age of fourteen. While he did not testify, a theory of medical treatment was advanced. Testimony included a neighbor and a sane nurse

a sentence of thirty-five years was given with an appeal following. The grounds raised focused on an abuse of discretion and trial court err in overrulling of defense motion for mistrial regarding bolstering.

Appellate counsel David Richards did not contact the defendant about the decision by the second court of appeals affirming, nor was the defendant aware that his appeal was given by another attorney.

Having only received the court's opinion was Mr. Ford able to pursue a petition for discretionary review with the assistance of a writ writer.

The second court of appeals affirmed Ford's case on April 23,2015, and an extension to file an (PDR) was granted on May 29,2015. This Petition follows.

B

## ISSUE PRESENTED

Whether the Second court of appeals claim
that it was difficult to understand Ford's
second point of error compels reversal for
further briefing

## STATEMENT OF FACTS

It is within the procedural arena that the parties contend their issues. Trial counsel's objections form the predicate leading to this petition for review.

The objections lodged involved realability and bolstering. The two witnesses were a neighbor and a sane nurse, The court of appeals opinion states their difficulty in understanding ford's second point, alleding his failure to discuss the substance of his complaint. Accordingly, Ford's case was affirmed on a failure to preserve error. This is in conflict with other court of appeals on the same issue.

C

## ARGUMENT

The second court of appeals claims that Ford did not cite any authorities to explain his second point of error, (pg 7) and stated their difficulty in understanding his second point, (pg 9)

While the T.R.A.P. rules are discretionary as this court has held, see State v Baily 201 sw3d p739 (Tex.crim.app 2006)RR "T.R.A.P. 38.9 gives the appellate courts some discretion in remeding substantive defects in particular briefs."

Other courts have also held that "adhering to tenets of preservation is important, however appellate courts should avoid being overly techinical in their application" see Tittizer v Union Gas corp 171 sw3d p 857 (Tex 2005)., citing In RE BLd 113 sw3d p 340 (Tex2003) "describing the underpinnings of procedural rules of fairness as to the parties and to judicial economy.

As in a prior decision by the second court of appeals that "the appellant raises a troubling issue allowing that the trial court improperly admitted expert testimony that directly commented on the credibility of the victim" Salinas v State 166 sw3d p368 (Tex.app-Ft Worth 2005) In Ford's case the sane nurse was unable to make a diagnosis of sexual abuse.

counsel's objection of "boosting credibility" was sustained and the state was instructed to rephrase its question.

1

The prosecution then with a subtle change in the question permitted an artful yet cognent distinction urged to create an improper inference. This caused defense counsel to object again, request an instruction to disregard and a mistrial which was denied

The Ft worth's opinion recognized appellate counsel's cite for a mistrial, Young vs State 137 sw3d p65,72 (Tex.crim.app2004) Yet they erred by not conducting an analysis of what was before the trial court at time of trial. Montgomery v State (Tex.crim.appp 1990) 810 sw2d

The court of criminal appeals has reversed this issue see Vela v State 159 sw3d p172(Tex.app-Corpus Christi 2006) af'd in part reversed in part and remanded, state filed PDR 209 sw3d p 128 (Tex.crim.app 2006) Judgment of COA vacated and remanded, Vela v State 251 Sw3d p794 (Tex.app-Corpus Christi 2008) Appeals court did not give proper deference to the trial courts ruling.

As to the substance of testimony in the instant case, Bolstering can elicit undue "refers to an undue tendendacy to sugest an improper basis commonly though not necessarily an emotional one" Cohn v State 849 sw2d p817 (ex.crim.app 1993, overrulling Duckett v State 797 sw2d p906 (Tex.crim.app 1990).

2

The decision of the second court of appeals conflicts with other court of appeals on this issue of objection. See Fuller v State 224 sw3d p823 (Tex.app-Texarkana 2007) RR for a new trial, "Three courts have found failure to object to the repeated elicitation and offer of this type of testimony to constitute inneffective assistance of counsel when presented on direct review" "There is no conceivable stradegy or tatic that would justify allowing this kind of testimony in front of a jury" Sessums v State 129 sw3d p242 (Tex.app-Texarkana 2008).

## SUMMARY OF THE ARGUMENT

to the extent that Ford's appellate counsel failed to take the minimal effort to inform his client the affirmance of the appeal, such effort carried over to the brief submitted, and it is not clear whether the court of appeals knew this, however, their opinion sufficiently provides a basis for review. The petitioner has shown that a conflict exsists between the 2nd court of appeals and other courts on the issue and substance related to the objections raised

## PRAYER

The petitioner prays that the court of criminal appeals grant his Petition and remand the case back to the 2nd court of appeals for further administration and relief.

3

## CERTIFICATE OF SERVICE

I, Jamie Lee Ford do certify under penalty of pernury that a copy of the foregoing Petition for discretionary review was m i mailed on the14th day of July 2015 first class postage pre-paid to the following parties: Kathleeh Catania, asst criminal district attorney at 117 Fort Worth highway, Weatherford,Texas 76086. This pursuant to T.R.A.P. 9.5

Pursuant to T.R.A.P. 68.11 a copy of the foregoing instrument as described above was also sent toLisa McMinn state prosecuting attorney, Price Daniel bldg 209 w. 14th rm 202 P.O. Box 12405 Capitol Station, Austin, Texas 78711-2405

X _____



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00148-CR

JAMIE LEE FORD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CR12-0559

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Jamie Lee Ford appeals his conviction for continuous sexual abuse of a child under the age of fourteen. *See generally* Tex. Penal Code Ann. § 21.02 (West 2002). In two points, Ford argues that the trial court abused its discretion by allowing the State's expert, a sexual assault nurse examiner, to

---

[1]*See* Tex. R. App. P. 47.4.

testify at trial and that the trial court erred by overruling his motion for mistrial. We will affirm.

## II. Background

Because neither of Ford's points require an entire recitation of the evidence adduced at trial, we provide only a recitation necessary to dispose of Ford's points and to provide context to the reader. Daughter[2] told her older friend a "secret," alleging that her biological father, Ford, would say he was cleaning her or checking her for "bumps and bruises," but Daughter, rather than describing what would be considered appropriate adult touching, went on to describe what appeared to be sexual acts. Daughter also told her friend not to tell anyone because she feared growing up without a dad, but the friend told her own parents, who went across the street and told Daughter's mother. When Mother asked Daughter about what she had told her friend, Daughter told Mother and the friend's parents that Ford had been sexually assaulting her for years. Later, the State indicted Ford for the continuous sexual abuse of a child.

At trial, Daughter, ten years old at the time, testified that throughout her first through third grades in elementary school, Ford would have her undress in his bedroom and lay on the bed. Sometimes he would cover her face and touch her sexual organ with his hand. Other alleged acts included numerous incidents

---

[2]We use aliases when possible to protect the minor child's identity in this case.

of fondling and digital penetration and at least one allegation of penetration of her mouth with his penis.

One of the Fords' neighbors testified that he was reluctant to believe allegations made against Ford until he witnessed Daughter's outcry and asked Daughter if her dad was touching her. He then believed her. According to Neighbor, Daughter "got real upset and turned her face . . . where we could barely hear her" and said Ford had been touching her. At one point, Neighbor testified that Daughter was "a stand-up little girl." When the State asked what he meant by Daughter being a "stand-up" girl, defense counsel objected that the State was trying to "boost credibility." The trial court instructed the State to rephrase its question, and the State complied. After further testimony by Neighbor that Daughter would "fess up" to mistakes, the State asked if that was "the kind of thing that makes [Neighbor] think [Daughter was] a stand-up kid?" Defense counsel then lodged a "boosting credibility" objection, and the trial court sustained the objection and instructed the jury to disregard the Neighbor's answer. Defense counsel then moved for a mistrial, and the trial court denied the motion.

The State also introduced the testimony of Rebecca Sullivan, the sexual assault nurse examiner who had performed a sexual assault exam on Daughter shortly after Daughter's outcry. Sullivan said that she performed a detailed sexual history interview and exam of Daughter. Sullivan testified that the results of her exam were normal but that "completely normal" results were seen in 85–

3

95% of children with penetration by any means. Defense counsel lodged a reliability objection to the State's witness, and the trial court overruled the objection.

The jury returned a verdict of guilty and assessed punishment at thirty-seven years' incarceration. The trial court entered judgment accordingly, and this appeal followed.

### III. DISCUSSION

In his first point, Ford argues that the trial court abused its discretion by allowing the State to introduce "testimony under the medical records exception." Specifically, Ford argues that the trial court erred by improperly admitting "medical records . . . concerning the sexual assault examination conducted months after the alleged assaults . . . for the reason stated in this Court's decision in *Salinas v. State.*" See 166 S.W.3d 368, 371 (Tex. App.—Fort Worth 2005, pet. ref'd) (holding that expert testimony diagnosing sexual abuse based on a child's medical history had been erroneously allowed). In short, Ford argues that the State's expert witness was impermissibly allowed to testify to the complainant's credibility, thereby bolstering it.

The State counters that Ford's reliance on *Salinas* is misplaced because the expert who testified concerning the medical records in this case "never gave a diagnosis of sexual abuse" and therefore could not have based her testified-to diagnosis "merely [upon] a verbal history given to her" by the complainant. We agree with the State.

4

We review the trial court's decision to admit or exclude scientific expert testimony under an abuse of discretion standard. *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002). The trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991) (op. on reh'g). Thus, we will uphold the trial court's decision as long as it is within the zone of reasonable disagreement, given the evidence presented and the requirements of Rule 702 of the Texas Rules of Evidence. *Sexton*, 93 S.W.3d at 99.

Rule 702 provides that an expert may testify if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Tex. R. Evid. 702; *Duckett v. State*, 797 S.W.2d 906, 914 (Tex. Crim. App. 1990), *disapproved on other grounds*, *Cohn v. State*, 849 S.W.2d 817 (Tex. Crim. App. 1993) (noting that to be admissible, expert testimony must "assist" the trier of fact). Expert testimony does not assist the jury if it constitutes "a direct opinion on the truthfulness" of a child complainant's allegations. *Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993) (holding testimony regarding an opinion of truthfulness "does more than 'assist the trier of fact to understand the evidence or to determine a fact in issue'; it *decides* an issue *for* the jury."). In other words, an expert may testify that a child complainant exhibited symptoms consistent with sexual abuse but not that a complainant is truthful. *Cohn*, 849 S.W.2d at 818–19; *Salinas*, 166 S.W.3d at 370.

5

Because Ford's argument is predicated on this court's decision in *Salinas*, a discussion and comparison between *Salinas* and this case is warranted. 166 S.W.3d at 370. In *Salinas*, the complainant testified that the defendant had digitally penetrated her anus with his finger. *Id.* The State's expert testified that, generally, there will be no physical evidence of the insertion of a finger into the anus of a six-year-old child. *Id.* Nevertheless, the expert testified that she had diagnosed sexual abuse based solely upon the history provided by the complainant, noting that the complainant's medical exam results were "consistent with that history." *Id.* That is, the expert "diagnosed sexual abuse by digital penetration of the anus [solely] because the child told her that digital penetration had occurred." *Id.* This Court held that such testimony was "a direct comment on the credibility of the complaining witness." *Id.* at 371. Accordingly, we held that "[b]ecause there was no physical indication of digital penetration, [the expert]'s testimony [could] only be seen as an attempt to directly bolster the credibility of the complainant and a direct comment on the complainant's truthfulness." *Id.* This Court further stated that "Although [the expert] could [have] properly testif[ied] that the physical exam was normal, the trial court abused its discretion in admitting [the expert]'s testimony that she had diagnosed sexual abuse based on the child's medical history." *Id.*

In this case, as the State argues, the facts are distinguishable from *Salinas*. Here, with respect to any physical findings of sexual assault, the State's expert witness testified that the results of her examination of Daughter were

6

consistent with what a medical professional would expect to find based upon generally accepted scientific literature. Specifically, the State's expert testified that she saw no physical signs of sexual abuse and that she was unable to make a diagnosis of sexual abuse. Thus, unlike in *Salinas*, the expert witness in this case made no diagnosis of sexual abuse.

Because the State's expert witness in this case never testified directly about Daughter's credibility or honesty and because a trial court may admit expert testimony that a child exhibits physical signs that have been empirically shown to be common among children who have been sexually abused, including that the child exhibited no physical signs of sexual abuse at all, the expert witness did not "bolster" Daughter's testimony, and the trial court did not abuse its discretion by allowing the expert to testify. *See Salinas*, 166 S.W.3d at 370; *compare Reyes v. State*, 274 S.W.3d 724, 730 (Tex. App.—San Antonio 2008, pet. ref'd) (holding that doctor's testimony about behavioral characteristics common among abused children was permissible under rule 702 of Texas Rules of Evidence). We overrule Ford's first point.

In his second point, Ford argues that the trial court erred by denying his motion for mistrial. Other than citing one case standing for the proposition for when a mistrial is appropriate, Ford does not cite any authority to explain what his second point of error actually is. *See Young v. State*, 137 S.W.3d 65, 69, 72 (Tex. Crim. App. 2004) ("A grant of a motion for mistrial should be reserved for those cases in which an objection could not have prevented, and an instruction to

7

disregard could not cure, the prejudice stemming from an event at trial."); *see also* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) ("In failing to provide any relevant authority suggesting how the judge's actions violated any of appellant's constitutional rights, we find the issue to be inadequately briefed."), *cert. denied*, 532 U.S. 1053 (2001).

In his brief, Ford does point to a colloquy in the record wherein the prosecutor asked questions of Neighbor, and Neighbor specifically answered one of the questions that Daughter is a "stand-up little girl." Defense counsel objected to the line of questioning, stating that the prosecutor was attempting to "boost credibility." The trial court instructed the prosecutor to rephrase the question, and the prosecutor capitulated. Later in the same colloquy, the prosecutor asked the witness whether when other children in the neighborhood would get in trouble, Daughter would not. Neighbor answered "Yes." Then again, the prosecutor asked Neighbor if Daughter was involved in "trouble," whether Daughter would "fess up that she was doing it, too?" And Neighbor again answered "Yes." Yet again, the prosecutor asked Neighbor if this conduct by Daughter is why he believed Daughter to be a "stand-up kid?" The witness answered, "Absolutely." Defense counsel then objected that the prosecutor was attempting to "boost[] credibility." The trial court sustained the objection,

8

instructed the jury to disregard the witness's answer, and then denied Ford's motion for mistrial. *See Young*, 137 S.W.3d at 72.

The State argues that this colloquy indicates that Ford failed to timely object at trial to the evidence he now complains of on appeal because the question had been asked and answered multiple times prior to and in-between Ford's objections.

It is difficult to understand Ford's second point because of his failure to discuss the substance of his complaint. *See Tong*, 25 S.W.3d at 710. Regardless, we agree with the State that Ford has failed to preserve this error for our review because the witness was allowed to answer the same question multiple times without Ford objecting. *See Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App.) ("[I]f a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds."), *cert. denied*, 516 U.S. 832 (1995). We overrule Ford's second point.

## IV. CONCLUSION

Having overruled both of Ford's points on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 23, 2015

9