

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00187-CR

Silvestre **GREGORIO GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR7301
Honorable Christine Del Prado, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:        Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice
                H. Todd McCray, Justice

Delivered and Filed: September 24, 2025

AFFIRMED

Appellant Silvestre Gregorio Garcia challenges the trial court's ruling allowing a forensic nurse's testimony regarding her examination of the child complainant. Garcia disputes the reliability of the evidence and claims that it served to impermissibly bolster the child's credibility. We affirm the judgment of the trial court.

**BACKGROUND**

Garcia was indicted for one count of aggravated sexual assault of a child and three counts of indecency with a child by contact in connection with an incident that occurred with his two nieces while he was staying at their home. During trial, the State offered testimony from Nancy Martinez, a registered nurse and certified Sexual Assault Nurse Examiner. Martinez testified that she examined one of the complainants shortly after the assault. Martinez's exam was normal and revealed no physical injuries. Martinez explained that the exam was consistent with both sexual abuse and no abuse, noting that many child sexual assault cases produce no observable injuries. She further testified that, consistent with standard medical practice, she assumed the complainant's history was truthful for purposes of conducting the exam, however she also acknowledged that children can be coached.

Garcia challenged the admissibility of Martinez's testimony, requesting to voir dire the witness under both Rule 702 and Rule 705 of the Texas Rules of Evidence. As the hearing began, Garcia's counsel stipulated to Martinez's qualifications and waived the Rule 702 objection. Counsel pursued his Rule 705 objection and further argued that Martinez's testimony regarding what the complainant told her during the exam was, in essence, an improper comment on the credibility of the complainant.

The trial court overruled the Rule 705 objection, finding that the underlying facts and data provided by Martinez provided a sufficient basis for her opinion. The trial court dismissed the credibility argument, finding the testimony admissible under the medical-diagnosis exception to hearsay. The jury ultimately convicted Garcia on two counts of indecency with a child and acquitted him on the remaining counts. The trial court sentenced him to ten years' imprisonment.

On appeal, Garcia argues that the trial court abused its discretion by allowing Martinez's testimony.

## DISCUSSION

### A. Reliability

First, Garcia contends that the State failed to prove that the basis for Martinez's opinion was of a type reasonably relied upon by experts in the field as required by Texas Rules of Evidence 703 and 705. *See* TEX. R. EVID. 703, 705; *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005) (citing *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992)). We begin by noting that this specific complaint was not raised in the trial court. The trial objection was at best a generalized admissibility challenge, and a general objection does not preserve a specific Rule 705 reliability claim. *See Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009).

Although the trial court permitted questioning styled as a "Rule 705 voir dire," there is no evidence in this record that Garcia ever challenged the admissibility of the complainant's history on the basis that it was not the type of data reasonably relied upon by medical experts. Garcia made no mention of data, methodology, or the type of information forensic nurses reasonably rely upon. On appeal, however, Garcia argues that the State failed to establish the reliability of the scientific data underlying Martinez's opinion. Because the complaint on appeal does not comport with the objection at trial, it is not preserved for review. *See Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017) (noting the need for the trial objection to comport with the appellate argument); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014) (stating "the point of error on appeal must comport with the objection made at trial").

Even assuming preservation of error on this point, we cannot say the trial court abused its discretion in allowing the testimony. While Garcia contends that the "scientific data" used to

support Martinez's testimony was not established to be the type reasonably relied upon by other experts in the field, he confuses scientific principles with technical or specialized knowledge. Similarly, in *Yanez v. State*, the appellant relied on *Kelly* for the proposition that the testimony of a sexual assault nurse was not supported by a scientific theory. *Yanez v. State*, No. 03-00-00576-CR, 2002 WL 90822, at *5 (Tex. App.—Austin Jan. 25, 2002, no pet.) (not designated for publication). The *Yanez* court held that a sexual assault nurse's testimony is not based on scientific theory, but on technical knowledge, specialized training and experience. *Id*.; *see also Denton v. State*, No. 2-05-044-CR, 2006 WL 2076534, at *6 (Tex. App.—Fort Worth July 27, 2006, pet. ref'd) (mem. op., not designated for publication) (finding sexual assault nurse testimony akin to a soft science where it is based primarily upon experience and training as opposed to a scientific method). The test for reliability under those circumstances is (1) the legitimacy of the expert's field; (2) whether the testimony is within the scope of that field; and (3) whether the testimony properly utilized the principals involved in the field. *Id.* (citing *Nenno v. State*, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998) (noting methods of proving reliability will vary depending upon the field of expertise)). The court went on to find the testimony reliable where the nurse testified regarding her training and experience in the field of sexual assault nursing and her testimony was based on her experience in the field. *Id.*

Likewise, in this case, Martinez testified that her role as a sexual assault nurse was to collect the child's medical history, conduct a physical exam and interpret the findings based upon her training and experience. She testified regarding her credentials as a forensic nurse. She gave a detailed account of her interview and examination of the complainant, explaining the reasoning behind her actions and conclusions. Under these circumstances, even if the objection had been preserved, the trial court did not abuse its discretion in deeming Martinez's testimony reliable.

**B. Improper Comment on Credibility**

Garcia further argues that Martinez's testimony is inadmissible because it amounts to an improper comment on the credibility of the complainant. Expert witnesses are generally prohibited from directly commenting on the truthfulness of another witness. *Schutz v. Sate*, 957 S.W.2d 52, 70 (Tex. Crim. App. 1997). However, testimony that medical findings are consistent with the history provided is admissible if the expert does not render an ultimate opinion on whether the abuse occurred or whether the complainant is to be believed. *See Reyes v. State*, 274 S.W.3d 724, 730 (Tex. App.—San Antonio 2008, pet. ref'd).

Garcia relies on *Salinas v. State*, 166 S.W.3d 368, 371 (Tex. App.--Ft. Worth 2005, pet. ref'd), for his argument that Martinez's testimony improperly bolstered the victim's credibility because there was no physical evidence of abuse. In *Salinas*, a pediatric sexual abuse physician diagnosed sexual abuse despite finding no physical evidence. *Id*. The court deemed the doctor's testimony an impermissible comment on the complainant's truthfulness, finding that in the absence of corroborating physical findings, the diagnosis necessarily vouched for the child's credibility. *Id*.; *see Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993) (finding expert testimony inadmissible if it constitutes "direct opinion on truthfulness" of child complainant's accusations).

In contrast, Martinez's testimony was neutral. Martinez did not diagnose sexual abuse. In fact, she stated multiple times that she found no physical signs of abuse and that those findings could be consistent with both abuse and no abuse. She further acknowledged that children may be coached, which underscored the limitations of her role and her refusal to speak on whether abuse had in fact occurred. Although Martinez did state that she assumed the complainant was telling the truth for purposes of conducting the exam, she explained that this assumption was a necessary

methodology in performing her job and that the history was taken for the purpose of guiding her exam. Under these facts, we find *Salinas* distinguishable.

Martinez's testimony more closely resembles that found to be admissible in cases where experts explained that exam results were consistent with possible abuse but did not make actual findings of abuse or implied credibility determinations. *See Owens v. State*, 381 S.W.3d 696, 706 (Tex. App.—Texarkana 2012, no pet.) (distinguishing *Salinas* where nurse reported clinical findings and did not offer opinion as to whether child had been sexually assaulted or was telling the truth); *Ford v. State*, No. 02-14-00148-CR, 2015 WL 1868866, at *3 (Tex. App.—Fort Worth April 23, 2015, pet. ref'd) (mem. op., not designated for publication) (distinguishing *Salinas* where nurse made no diagnosis of sexual abuse); *Trevino v. State*, No. 13-11-00709-CR, 2013 WL 3518200, at *4 (Tex. App.—Corpus Christi–Edinburg July 11, 2013, pet. ref'd) (mem. op., not designated for publication) (distinguishing *Salinas* where nurses testified examinations could not confirm or negate children's allegations); *Luttrell v. State*, No. 05-09-01036-CR, 2010 WL 3528531, at *4 (Tex. App.—Dallas Sept. 9, 2010, pet. ref'd) (not designated for publication) (distinguishing *Salinas* where nurse never offered a diagnosis that reflected an opinion on credibility of complainant); *Rivas v. State*, No. 04-06-00375-CR, 2009 WL 1956383, at *4 (Tex. App.—San Antonio July 8, 2009, pet. ref'd) (mem. op., not designated for publication) (distinguishing *Salinas* where nurse made no diagnosis of sexual abuse and never testified about complainant's honesty). Because Martinez never diagnosed sexual abuse or offered her opinion on the complainant's credibility, her testimony did not impermissibly speak to the veracity of the complainant's testimony. Therefore, the trial court did not abuse its discretion by allowing her to testify.

Further, even if error occurred, we would find it harmless on this record. The complainants both testified in detail, their mother corroborated their testimony as the outcry witness, and the jury clearly weighed the evidence carefully, acquitting Garcia on two counts. Given these facts and the neutral nature of Martinez's testimony, we cannot say that the jury was misled into believing Martinez was vouching for the complainant's credibility in violation of Garcia's substantial rights. *See* TEX. R. APP. P. 44.2(b); s*ee King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997) ("A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.").

Because Garcia did not preserve his reliability claim and has failed to demonstrate reversible error on his improper comment claim, we affirm the judgment of the trial court.

H. Todd McCray, Justice

DO NOT PUBLISH