**Affirmed and Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00405-CR

## JESSE BEAM, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1321799**

## O P I N I O N

Appellant was convicted of aggravated sexual assault of a child. Punishment was assessed at fifteen years' imprisonment. In two issues, appellant asserts that the trial court reversibly erred when it admitted evidence of an extraneous offense and when it charged the jury with a limiting instruction that failed to track the language of a statute. We overrule both issues and affirm the trial court's judgment.

## BACKGROUND

Appellant was arrested after the complainant, his stepdaughter, reported that he had sexually molested her. The abuse allegedly occurred in 2009 when the complainant was seven years old. The complainant testified that appellant had digitally penetrated her vagina three or four times per week for an unspecified length of time. The complainant also testified that, on one occasion, appellant had inserted his penis into her mouth, vagina, and anus.

Appellant denied the sexual abuse. He testified that the complainant had fabricated her story because she wanted him out of her life. The defense focused on appellant's military background and his reputation as a disciplinarian. As counsel emphasized in his opening statement, the main defensive theory was that the complainant "did not like the discipline [appellant] brought to the house, being ex-Army," and she was willing to say anything to send appellant away.

During the trial, the prosecution elicited testimony about an extraneous offense that dated back to 2005, when the complainant was only three. The testimony established that the complainant had been taken to a local hospital, complaining that her "butt hurt" and that she was experiencing painful urination. The complainant said that "Jesse did it," referring to appellant. A doctor diagnosed the complainant with a urinary tract infection and vaginitis. The doctor also referred the complainant to a children's center to be examined for possible sexual abuse.

The complainant was examined by a forensic interviewer at the children's center. During her interview, the complainant revealed that appellant had touched her in "her front and her back." The Houston Police Department was called to investigate appellant, but it declined to pursue criminal charges because the complainant had not made a sufficiently clear outcry of sexual abuse.

## EXTRANEOUS OFFENSE EVIDENCE

In his first issue, appellant complains about the admission of extraneous offense evidence, which consisted of both live testimony and records from the complainant's visit in 2005 to the hospital and children's center. We review the trial court's decision to admit such evidence for an abuse of discretion. *See Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). A trial court does not abuse its discretion if its decision falls within the "zone of reasonable disagreement." *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

Evidence of a defendant's bad character is generally not admissible to prove that the defendant acted in conformity therewith. *See* Tex. R. Evid. 404(b). However, when a defendant is charged with sexual assault of a child, evidence of a previous offense or bad act involving the same child may be admissible under article 38.37 of the Code of Criminal Procedure. At the time of trial, the applicable version of Article 38.37 stated as follows:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> > (1) the state of mind of the defendant and the child; and
> >
> > (2) the previous and subsequent relationship between the defendant and the child.

Tex. Code Crim. Proc. art. 38.37, § 2 (2012).

The evidence in this case was relevant because it tended to rebut the defense's theory that the complainant had fabricated her story. There was no testimony at trial that appellant had disciplined the complainant when she was only three years old. The extraneous offense evidence accordingly showed that the complainant was making a consistent statement and that she had no motive to

3

invent a story to be used against appellant. We conclude that the trial court did not abuse its discretion by determining that the evidence was relevant and admissible under Article 38.37. *See* Tex. R. Evid. 401 (the test for relevance is whether the evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); *Burke v. State*, 371 S.W.3d 252, 256–57 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd) (holding that evidence about unadjudicated sexual assaults committed in one county was admissible under the statute to prove that the defendant committed another assault against the same child in a different county).

Appellant argues that the evidence should not have been admitted because the evidence did not clearly establish that an offense had been committed. Appellant suggests that the evidence was too weak to be admitted because the complainant was very young at the time the allegations were made, there were no medical findings of sexual abuse, and no prosecution resulted from that earlier incident. All of these points invoke questions regarding the weight of the evidence, not whether the evidence was relevant and admissible.

The proponent of the evidence has no duty to establish that the extraneous offense resulted in a formal conviction. *Cf. Martin v. State*, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005) (holding that trial court did not abuse its discretion by admitting evidence of unadjudicated "date rape" under Rule 404(b)). The Court of Criminal Appeals has stated that evidence of an extraneous offense should be admitted if there is merely "sufficient evidence" from which a hypothetical juror could reasonably conclude that the defendant committed the extraneous act. *See Montgomery*, 810 S.W.2d at 376 n.4 (citing *Huddleston v. United States*, 485 U.S. 681, 685 (1988)). The complainant's outcry statement from 2005 clearly satisfies

4

that test, even though other examiners ultimately concluded that the evidence was not strong enough to warrant a prosecution. We reject appellant's argument that Article 38.37 required more definitive proof before the trial court could admit the extraneous offense evidence. *See Dowling v. United States*, 493 U.S. 342, 348–49 (1990) (holding that a court may admit evidence of any relevant extraneous offense, even if the offense was one for which the accused was charged and acquitted); *McNeil v. State*, 398 S.W.3d 747, 755 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Dunklin v. State*, 194 S.W.3d 14, 24 (Tex. App.—Tyler 2006, no pet.); *see also Ex parte Taylor*, No. WR-58972-02, 2006 WL 950382, at *1 (Tex. Crim. App. Apr. 12, 2006) (per curiam) (not designated for publication) (citing *Dowling* for the same authority that "an otherwise admissible extraneous offense is not rendered inadmissible merely because the defendant has been acquitted of that offense in a previous criminal trial").

Appellant also suggests that the evidence should have been excluded because it was unfairly prejudicial. This argument invokes Rule 403 of the Texas Rules of Evidence, which provides that relevant evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." The Rule favors admissibility of relevant evidence, and there is a presumption that relevant evidence will be more probative than prejudicial. *See Montgomery*, 810 S.W.2d at 389. We consider the following factors when analyzing the competing interests under Rule 403: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005).

Beginning with the first factor, the Court of Criminal Appeals has stated that the probative value of extraneous offense evidence is low when the evidence

supports only noncompelling or undisputed evidence that has already been submitted. *See Montgomery*, 810 S.W.2d at 390. In this case, evidence of the extraneous offense was offered to support a highly disputed fact: whether appellant committed a sexual assault, as the complainant had alleged. We conclude that the evidence was probative for the same reason stated earlier: it rebutted appellant's theory that the complainant had fabricated her allegations.

The second factor requires courts to evaluate whether the extraneous offense evidence has the potential to irrationally impress the jury. Here, the extraneous offense was quite similar to the charged offense in that both offenses contained allegations that appellant had inappropriately touched the complainant. Whenever the extraneous offense is similar to the charged offense, there is always a potential that the jury may be unfairly prejudiced by the defendant's character conformity. *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996). However, this impermissible inference can be minimized through a limiting instruction. *See Karnes v. State*, 127 S.W.3d 184, 193 (Tex. App.—Fort Worth 2003, pet. ref'd). In this case, the trial court attempted to mitigate the prejudicial effect of the evidence by offering to give the jury a limiting instruction if appellant so requested. Despite the offer, appellant never made the request.

The third factor evaluates the time during trial that the proponent required to develop the evidence of the extraneous offense. The prosecution spent a significant amount of time developing and discussing the 2005 incident. Testimony was elicited from the hospital physician who had treated the complainant, the forensic interviewer at the children's center, an investigating officer with the Houston Police Department, and other members of the complainant's family. The complainant herself, however, did not testify about the incident. This factor tends to weigh in favor of exclusion.

The fourth factor addresses the proponent's need for the extraneous offense evidence. Here, the prosecution's need was strong because both sides hotly contested the commission of a sexual assault. *See Lane*, 933 S.W.2d at 521 (holding that the need for extraneous offense evidence is greatest when the evidence supports an element of a "hotly contested issue"). Appellant denied an assault and asserted that the complainant had fabricated her story to get him out of the house. The complainant's mother also asserted that the allegations were false.

Balancing all of the factors together, we hold that the trial court acted within the zone of reasonable disagreement when it determined that the probative value of the extraneous offense evidence was not substantially outweighed by its prejudicial effect. Appellant's first issue is overruled.

## JURY INSTRUCTION

In his second issue, appellant complains that the trial court erred by charging the jury with a limiting instruction that failed to track the language of Article 38.37. When reviewing a challenge to the jury charge, we first determine whether error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, we then analyze that error for harm under the standards set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g).

The jury instruction stated as follows:

> You are further instructed that if there is any evidence before you in this case regarding the defendant's committing an alleged offense or offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and even then you may only consider the same in determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

7

accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

Appellant contends that the instruction was erroneous because Article 38.37 does not permit extraneous offense evidence to be admitted for the purpose of assessing "the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of a defendant." That purpose is more consistent with the terms of Rule 404(b) of the Texas Rules of Evidence. *See also Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd) (stating that Article 38.37 supersedes Rule 404(b) in certain types of sexual abuse cases). By contrast, Article 38.37 provides that extraneous offense evidence may be considered for its bearing on "relevant matters," including the state of mind of the defendant and the child, or the previous and subsequent relationship between the defendant and the child. To the extent that the jury instruction omitted reference to these relevant matters, appellant asserts that the trial court erred.

Limiting instructions are governed by Rule 105 of the Texas Rules of Evidence. The Rule provides that "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." *See* Tex. R. Evid. 105(a). In the absence of a proper request, "the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal." *Id.*

The Court of Criminal Appeals has consistently construed Rule 105 as requiring a request for a limiting instruction at the time the evidence is admitted. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007); *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); *Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996). If evidence is admitted without a request for a

8

limiting instruction, the evidence becomes admitted for all purposes. *See Hammock*, 46 S.W.3d at 895. Once evidence is admitted for all purposes, a limiting instruction on the evidence is not "within the law applicable to the case," and the trial court has no duty to include the instruction in its charge to the jury. *See id.* (quoting Tex. Code Crim. Proc. art. 36.14).

The trial court offered to give appellant a limiting instruction in a hearing conducted outside the presence of the jury. However, when the extraneous offense evidence was offered and admitted, appellant never requested the limiting instruction. Because there was no request, the evidence became admissible for all purposes and the court was not required to give the jury any limiting instruction under Article 38.37. It naturally follows that the court was not required to give the jury a limiting instruction that tracked the language of Article 38.37. *Cf. Irielle v. State*, No. 14-13-00390-CR, — S.W.3d —, 2014 WL 3908119, at *9–10 (Tex. App.—Houston [14th Dist.] Aug. 12, 2014, no pet. h.) (concluding that the trial court did not err by giving a limiting instruction that failed to track the language of Rule 404(b) when the defendant never requested a limiting instruction).

Assuming for the sake of argument that the trial court erred by giving a limiting instruction that tracked the language of Rule 404(b) instead of Article 38.37, the trial court's error would be reviewed for a showing of egregious harm because appellant never objected to the limiting instruction. *See Almanza*, 686 S.W.2d at 171.

Egregious harm occurs when the error is so fundamental as to deprive the defendant of a fair and impartial trial. *Id.* This is a difficult standard to prove, and such a determination must be done on a case-by-case basis. *See Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996). When deciding whether appellant suffered egregious harm, we review "the entire jury charge, the state of the

9

evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *See Almanza*, 686 S.W.2d at 171. The harm must be actual, not merely theoretical. *Id.* at 174. Egregiously harmful errors "are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *See Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011).

Based on our review of the record, we cannot say that the trial court's error, if any, vitally affected appellant's defensive theory. As the prosecution argued during closing statements, there were other reasons outside of the extraneous offense evidence to disbelieve appellant's theory. The evidence showed that the complainant made an outcry in 2009 to two of her trusted classmates, whom she had sworn to secrecy. It was the classmates, not the complainant, who reported the abuse to authorities. If the complainant wanted appellant out of her life, as the defense had suggested, the prosecution countered that she would have contacted the authorities herself, rather than instruct her classmates to keep the abuse hidden. The jury could have relied on the strength of this reasoning, instead of the extraneous offense evidence, when it concluded that the complainant had not fabricated her allegations.

Appellant asserts that the charge "furthers the possibility that the jury was confused by the instruction and focused on issues of credibility and character." As the finder of fact, the jury was already charged to determine the credibility of witnesses, so the instruction could not be harmful for that reason. Furthermore, there is no language in the instruction encouraging the jury to impermissibly convict appellant based on character conformity. As worded, the instruction limits the jury's consideration of the extraneous offense evidence to matters unrelated to

10

appellant's character or his propensity to commit additional acts of sexual misconduct. Defense counsel even suggested that character conformity was not an issue in the case because the extraneous offense evidence was weak and the offense had not been proven beyond a reasonable doubt.

We conclude that the charge, even if erroneous, did not deprive appellant of a fair trial or make the prosecution's case clearly and significantly more persuasive. Appellant's second issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/     Tracy Christopher
                                        Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Publish — Tex. R. App. P. 47.2(b).