**AFFIRMED and Opinion Filed November 2, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00488-CR**

**JOE ANGEL RODRIQUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80945-2022**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Reichek

Joe Angel Rodriquez appeals his conviction for indecency with a child by contact. In three issues, appellant contends the trial court abused its discretion by admitting evidence of extraneous conduct and limiting the testimony read back to the jury in response to a request. Concluding there was no reversible error, we affirm the trial court's judgment.

## I. Evidence of Extraneous Conduct

The victim in this case, L.L., was the daughter of a woman with whom appellant was in a relationship. L.L. was twelve years old at the time of the offense. Before trial, the State filed a notice of intent to call S.G., the daughter of appellant's previous girlfriend, to testify. The notice stated the prosecution intended to present evidence that appellant had sexually assaulted S.G. from the time she was eleven or twelve years old until she was thirteen.[1] Although evidence of other crimes or wrongdoings is generally inadmissible to prove a defendant's character, or to show he acted in conformity therewith, article 38.37 of the Texas Code of Criminal Procedure specifically allows this type of evidence in cases involving sexual offenses against children. TEX. CODE CRIM. PROC. ANN. art. 38.37. The evidence is still subject to exclusion, however, under Rule 403 of the Texas Rules of Evidence if the defendant can show it is more prejudicial than probative. *See Fisk v. State*, 510 S.W.3d 165, 172 (Tex. App.—San Antonio 2016, no pet.).

Appellant challenged the admissibility of S.G.'s testimony under rule 403. A hearing on the matter was conducted outside the presence of the jury before trial began. At the hearing, S.G. testified to multiple incidents in which she was sexually abused by appellant while he was dating her mother. These incidents involved both

---

[1] The State additionally notified appellant of its intent to introduce evidence of his 2007 conviction for aggravated sexual assault of a child. Although appellant challenged the admissibility of the prior conviction at trial, he does not do so on appeal.

oral and penile penetration. Following her testimony, appellant's counsel argued the alleged abuse suffered by S.G. was more severe than the single incident of indecent contact alleged by L.L., and the disparity in the abuse rendered S.G.'s testimony unfairly prejudicial. The trial court ruled the testimony was admissible, stating "the probative value of this evidence [was] not outweighed by the danger [of] one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."

In his first issue on appeal, appellant contends the trial court abused its discretion in admitting S.G.'s testimony without performing the balancing test required by Rule 403. Appellant argues the fact that the court ruled on the admissibility of the evidence without hearing the State's case at trial or the defense's rebuttal means it could not have properly evaluated the various factors that needed to be weighed. According to appellant, the timing of the court's ruling "belies any presumption that the court conscientiously balanced the value of the proffered testimony against the danger it posed."

"A proper Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational and indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). The analysis of admissibility using these factors is the same regardless of whether the determination occurs before or during trial. *Id*. Although

in some cases the trial court may not have enough information to adequately apply the factors at a pretrial hearing, the fact that the determination is made before trial is not a categorical abuse of discretion. *Id*.; *see also Turpen v. State*, No. 05-22-00284-CR; 2023 WL 3674600, at *3 (Tex. App.—Dallas May 26, 2023, no pet.) (mem. op., not designated for publication). A pretrial determination is proper when the court is presented with sufficient information upon which to evaluate the admissibility of the evidence. *Mechler*, 153 S.W.3d at 440; *Turpen*, 2023 WL 3674600, at *3.

The trial court in this case heard S.G. describe the various acts of sexual abuse to which she had been subjected by appellant. In addition to S.G.'s testimony, counsel reviewed the allegations made by L.L. and the application of the Rule 403 factors. While the defense stressed the prejudicial nature of S.G.'s testimony, the State explained why the evidence was relevant and critical to its case given the lack of eyewitness testimony and physical evidence to support L.L.'s allegations. We conclude the hearing provided the trial court with sufficient information upon which to base its decision. We resolve appellant's first issue against him.

In his second issue, appellant contends the trial court erred in allowing S.G. to testify because the prejudicial effect of her testimony significantly outweighed its probative value under Rule 403. "If judicial restraint is ever desirable, it is when a Rule 403 analysis is reviewed by an appellate tribunal." *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (quoting *United States v. Long*, 574 F'2d 761, 767 (3rd Cir. 1978). We rarely reverse a trial court's determination under Rule

–4–

403 and do so only if there has been a clear abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 1990).

Rule 403 favors the admission of relevant evidence and presumes relevant evidence is more probative than prejudicial. *Fisk*, 510 S.W.3d at 173. The probative value of evidence is how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation along with the proponent's need for the evidence. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). Article 38.37 recognizes the probative value of evidence of extraneous offenses against other children to show the defendant's propensity to commit sexual assault of a child. *Dies v. State*, 649 S.W.3d 273, 285 (Tex. App.—Dallas 2022, pet. ref'd). In this case, the similarities between the assaults on S.G. and L.L. significantly strengthen the probative value of S.G.'s testimony. Both S.G. and LL. were the same age at the time they were assaulted, and appellant was in a relationship with each of their mothers. Immediately after appellant's relationship with S.G.'s mother ended, he began dating L.L.'s mother, suggesting he used his relationships with women to gain access to their young daughters. *See Coleman v. State*, No. 06-16-00002-CR, 2017 WL 382419, at *3 (Tex. App.—Texarkana Jan. 27, 2017, pet. ref'd) (mem. op., not designated for publication) (pattern of assaulting daughters of women defendant dated admissible to show consistent behavior).

With respect to the State's need for the evidence, we conclude it was substantial. There was no eyewitness testimony or physical evidence of the assault. The case rested almost entirely on L.L.'s testimony of what occurred. Part of the defense's strategy was to attack L.L.'s credibility. "[T]he Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such 'he said, she said' cases." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009). In addition, S.G.'s testimony was critical to show appellant's intent when he engaged in the indecent contact with L.L.

While appellant concedes the relevance of S.G.'s testimony, he argues this evidence was unfairly prejudicial because the sexual misconduct to which S.G. testified was more extensive than the offense with which he was charged. Evidence is unfairly prejudicial if it suggests a decision on an improper basis, such as when it arouses the jury's hostility or sympathy without regard the evidence's logical probative force. *Casey v. State*, 215 S.W.3d 870, 879-80 (Tex. Crim. App. 2007). Testimony concerning extraneous acts of sexual assault that are more serious in nature than the offense being tried may be highly prejudicial. But such evidence is not necessarily *unfairly* prejudicial. *See Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.—Tyler 2015, no pet.). The potential danger of a decision being rendered on an improper basis may be minimized by a limiting instruction, which was done in this case. *See Beam v. State*, 447 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.]

–6–

2014, no pet.). The charge informed the jury it could consider S.G.'s testimony solely for the purpose of determining appellant's motive intent, knowledge, and identity, and the absence of mistake or accident in connection with the assault on L.L. We presume the jury followed the trial court's instructions. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).

In addition, defense counsel stressed during closing arguments that appellant could not be convicted based on what happened to S.G. As was apparent at the pretrial hearing, S.G.'s testimony did not take up a significant amount of time, and it was made clear to the jury that the purpose of it was to show appellant's pattern of behavior when the offense involving L.L. occurred. During deliberations, the jury asked for clarification on a portion of L.L.'s testimony, indicating they were properly focused on the charged offense.

Based on the foregoing, we conclude the trial court could have reasonably concluded the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice or any of the other Rule 403 factors. Accordingly, the trial court did not err in admitting S.G.'s testimony. We overrule appellant's second issue.

## II. Response to Jury Request

In his third issue, appellant contends the trial court abused its discretion in limiting the testimony provided to the jury in response to an inquiry. During deliberations, the presiding juror indicated that members of the panel were in

disagreement about "what was said by [L.L.] during her testimony regarding what was talked about and with whom the morning after the incident as she was leaving for school." The jury asked that both the direct and cross-examination of L.L. on that topic be read back to them. The trial court determined that the following exchange from the direct examination of L.L. was responsive to the request.

Question: Let's talk about the next day, how was he acting around you the next day?

Answer: He was acting very strange, when I woke up the next morning I got ready for school and was about to leave until I was stopped by my mother and him by the door. I remember him telling me something specific that if – if he scared me by coming in my room that night because my mom apparently asked him to check on me.

Question: Okay. So you are getting ready to go to school and you are stopped in the kitchen, and is that when he makes this statement?

Answer: Yes.

Question: What did you do, when he made this statement?

Answer: I did not say anything.

Question: Okay. Did you tell your mom what had happened?

Answer: Not at this point.

Question: Why not?

Answer: I was too afraid and I did believe it was just a bad dream.

Question: Tell me more about that. Why did you think it was a bad dream?

Answer: I wanted to convince myself it was a dream, so I didn't have to come to terms with the fact that somebody did touch me like that.

Defense counsel asked that two additional exchanges from L.L.'s cross-examination be included in the response to the jury. Counsel did not remember the specific wording of the first question, but said he had asked L.L. about her forensic interview and whether she said during that interview that appellant had acknowledged the incident. L.L. responded "No." The second question concerned when L.L. first informed anyone that appellant claimed L.L.'s mother asked him to check on her on the night of the offense. L.L. responded she first mentioned it when she met with the prosecution a few days before trial.

Article 36.28 of the code of criminal procedure provides that, if jurors disagree as to the testimony of any witness, they may have read to them that part of the witness's testimony that is in dispute. TEX. CODE CRIM. PROC. ANN. art. 36.28; *Thomas v. State*, 505 S.W.3d 916, 923 (Tex. Crim. App. 2016). The purpose of Article 36.28 is to balance the concern that the trial court not comment on the evidence with the need to provide the jury with the means to resolve any factual disputes it may have. *Thomas*, 505 S.W.3d at 923. The trial court has discretion to decide what sections of the testimony will best answer the query and to limit the testimony read back accordingly. *Id*. We do not disturb the trial court's decision under Article 36.28 unless a clear abuse of discretion and harm are shown. *Id*. "When the jury requests a specific and limited portion of testimony, the trial court does not abuse its discretion by excluding a portion of the testimony that is not

responsive to the jury's specific inquiry." *Horton v. State*, 530 S.W.3d 717, 722 (Tex. App.—Fort Worth 2017, pet. ref'd).

The jury in this case specifically asked about L.L.'s testimony concerning what was talked about and with whom the morning after the offense. The testimony chosen by the trial court was responsive to that request. In contrast, the additional testimony requested by appellant's counsel did not concern either the content of the conversation on the morning after the offense or the identities of the people participating in the conversation. The questions concerned only when L.L. first revealed that the conversation had occurred. Because the testimony requested by the defense was not responsive to the jury's inquiry, we conclude the trial court did not abuse its discretion in declining to include it. *See Render v. State*, 316 S.W.3d 846, 855 (Tex. App.—Dallas 2010, pet. ref'd) (trial court did not abuse discretion in excluding testimony about when abuse occurred in response to jury note asking for testimony concerning how abuse occurred). We overrule appellant's third issue.

We affirm the trial court's judgment.


/Amanda L. Reichek
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220488F.U05

–10–



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JOE ANGEL RODRIQUEZ,
Appellant

No. 05-22-00488-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-80945-
2022.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered November 2, 2023