

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00081-CR

Kenneth Paul **BROWN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 22-10-0349-CRA
Honorable Mark Luitjen, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Lori Valenzuela, Justice

Delivered and Filed: June 26, 2024

AFFIRMED

Appellant Kenneth Paul Brown appeals his conviction of continuous sexual abuse of a child younger than fourteen years old. On appeal, he complains of jury charge error, specifically arguing the trial court erred by improperly defining the offense of indecency with a child and by failing to include a limiting instruction regarding extraneous offense evidence in the jury charge. He further contends the trial court abused its discretion by permitting an outcry witness to testify

---

[1] Sitting by assignment.

because he did not receive timely notice of the State's intent to call the witness pursuant to article 38.072 of the Texas Code of Criminal Procedure. We affirm the trial court's judgment.

## BACKGROUND

Brown was indicted for the offense of continuous sexual abuse of C.J., a child younger than fourteen years of age.[2] Brown was married to C.J.'s mother, A.M. Together, they cared for four children; three of the children, including B.M. and C.J., were A.M.'s biological children from a previous relationship. When C.J. was thirteen years old, she told her grandmother Brown had been sexually abusing her since she was seven years old. A jury ultimately found Brown guilty, and the trial court sentenced him to forty-four years imprisonment. This appeal followed.

## JURY CHARGE ERROR

Brown first contends he was egregiously harmed because the trial court failed to expressly exclude breast touching from the definition of the predicate offense of indecency with a child.

The State, however, contends although the jury charge did not exclude breast touching from the definition of indecency with a child, the charge properly defined which acts amounted to indecency with a child, and therefore, no jury charge error occurred. The State further contends even presuming jury charge error had occurred, the harm was not egregious when considering the record as a whole.

### A. Standard of Review

We review claims of jury charge error under the two-pronged test set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). *Lozano v. State*, 636 S.W.3d 25, 29 (Tex. Crim. App. 2021). First, we must determine whether there is jury charge error. *Id*. Next, if we determine jury charge error exists, then we must conduct a harm analysis. *Id*. "There

---

[2] To protect the identity of the minor children in this appeal, we refer to the victim and her relatives by their initials.

are two different standards of review under which to assess harm depending on whether the defendant timely objected to the erroneous charge." *Id*. "If there was a timely objection, the record need show only 'some harm.'" *Id*. (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). However, if, as in this case, "there was not a timely objection, the record must show 'egregious harm.'" *Id*. (quoting *Almanza*, 686 S.W.2d at 171).

"Egregious harm is a difficult standard to meet." *Sandoval v. State*, 665 S.W.3d 496, 528 (Tex. Crim. App. 2022). "To determine if the jury charge egregiously harmed the defendant, we examine the record as a whole, including the entire jury charge, the evidence, the contested issues, and the arguments of counsel, and anything else in the record that informs our analysis." *Lozano*, 636 S.W.3d at 29. "Egregious harm exists if the error affects the very basis of the defendant's case, deprives him of a valuable right, or vitally affects a defensive theory." *Id.* "The record must bear out that Appellant suffered actual harm, not theoretical harm, and neither party has [the] burden to show harm." *Id.*; *see, e.g.*, *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

## B. Continuous Sexual Abuse of a Child and Indecency with a Child

"Trial courts are obliged to instruct juries on 'the law applicable to the case,' which includes the statutory definitions that affect the meaning of the elements of the offense." *Ouellette v. State*, 353 S.W.3d 868, 870 (Tex. Crim. App. 2011) (citing *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009)). Here, Brown was charged with continuous sexual abuse of a child younger than fourteen years of age. Under section 21.02(b) of the Texas Penal Code, a person commits this offense if, during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse, and, at the time of the commission of each of the acts of sexual abuse, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age. TEX. PENAL CODE § 21.02(b). Section 21.02 defines an "act of sexual abuse" to mean any act that amounts to a violation of aggravated sexual assault of a child or indecency with

a child "if the actor committed the offense in a manner other than by the actor touching, including touching through clothing, the breast of a child." *Id*. § 21.02(c)(2), (4).

Here, the abstract portion of the charge properly defines continuous sexual abuse as requiring two or more "acts of sexual abuse." *See id.* § 21.02(b). It further defines such acts to mean any act that constitutes "aggravated sexual assault of a child or indecency with a child." *See id.* § 21.02(c). The charge then defines aggravated sexual assault of a child and indecency with a child, expressly stating a person commits indecency with a child if he engaged in or caused a child to engage in "sexual contact." The charge continues, defining sexual contact as "any touching . . . of the anus or any part of the genitals of a child; or any touching of any part of the body of a child . . . with the anus or any part of the genitals of a person, with the intent to arouse or gratify the sexual desire of any person." *See id.* § 21.11(c) (defining sexual contact in the context of offense of indecency with a child). This language tracks section 21.11 of the Texas Penal Code, which defines what acts constitute indecency with a child. *See id.* Nowhere in the charge is the touching of breasts mentioned as excluded from the definition of sexual contact for the purposes of indecency with a child.

However, we need not determine whether this exclusion constitutes jury charge error. Presuming without deciding the trial court committed jury charge error, we conclude Brown was not egregiously harmed by the omission when examining the record as a whole, including the jury charge, the evidence, and arguments of counsel. *See Lozano*, 636 S.W.3d at 29. Here, when considering the entirety of the jury charge, the abstract portion of the jury charge specifically tracked the statutory definition of indecency with a child by defining which actions constituted sexual contact, and none of those actions included the touching of breasts. *See* TEX. PENAL CODE § 21.11. Moreover, the application paragraph, which "explains to the jury, in concrete terms, how to apply the laws to the facts of the case," did not authorize the jury to convict Brown based on

conduct that included breast touching. *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013) ("We look at the wording of the application paragraph to determine whether the jury was correctly instructed in accordance with the indictment and also what the jury likely relied upon in arriving at its verdict, which can help resolve a harm analysis."). Instead, consistent with section 21.02, the application paragraph authorized the jury to convict Brown of continuous sexual abuse of a child only if it found Brown, within a period of thirty days, committed at least two acts of sexual abuse against C.J., namely any act constituting aggravated sexual assault or any act constituting indecency with a child. *See* TEX. PENAL CODE § 21.02. The application paragraph further specified indecency with a child to mean Brown touched the complainant's genitals with the intent to arouse or gratify the sexual desire of any person, tracking the statutory definition of indecency with a child. *See id.* § 21.11. Thus, even though the charge failed to instruct the jury that breast touching was excluded from the definition of sexual contact for purposes of indecency with a child, the wording of the abstract and application paragraphs precluded the jury from convicting Brown based on breast touching alone. Accordingly, this factor weighs against a finding of egregious harm.

Turning to the state of the evidence, the jury heard testimony from C.J. describing numerous sexual acts that met the elements of the offense. Here, C.J. testified in detail about the types of sexual acts Brown committed against her. C.J. testified she remembered Brown giving her back rubs when she was very little, and "it heavily picked up" when she was approximately seven years old. She specified Brown would put his genitals insider of hers, and she performed oral sex on him by putting his genitals in her mouth. She testified Brown touched her on her chest, bottom, and her vagina, while giving her back rubs. She further described different incidents of sexual abuse, including one incident when Brown blocked her on the back patio, pulled her close to him, pulled his pants and underwear down, and moved her underwear and shorts to the side "so

he could put his genitals in my genitals." She also testified there were times she was laying on her mother's bed, and Brown would lay with her, touching her chest, "trying to get me to make out with him" while "he was touching my genitals." She testified during this interaction, "he gave me oral sex, and then he got up and he took his clothes off and started performing intercourse." She further stated, "his genitals penetrated [hers]." She testified this type of conduct happened "a lot." She also testified he would drive her and her little brother to the park, and while her little brother was playing in the park, "he would pull the passenger seat down to where it's like laying down, and then he would perform intercourse on me." She added he also made her perform oral sex on him in grocery store parking lots. Thus, when considering this state of the evidence, the State produced evidence which went beyond the sole act of touching C.J.'s breasts; it provided evidence of specific instances where Brown engaged in various sexual acts with C.J., as well as touched C.J.'s genitals with the intent to arouse or gratify sexual desire. We therefore conclude this factor weighs against a finding of egregious harm.

As to the State's opening presentation, counsel stated the State would present evidence showing Brown forced C.J. to have sexual intercourse with him and perform oral sex on him starting when she was seven years old to when she was thirteen years old. The State explained it planned to show the jury how the grooming process began with "simple things" like back rubs and then "mov[ed] on to touching her genitals, touching her vagina, touching her breasts[,]" "progress[ing] to full on sexual intercourse." The State continued, stating it would produce evidence of various sexual acts occurring in the home or at the park or grocery store parking lots. In its closing, the State did not mention breast touching as an act necessary to prove; instead, the State expressly argued Brown's touching of C.J.'s genitals with the intent to arouse or gratify the sexual desire of any person amounted to indecency with a child. Moreover, at no point did Brown base his defensive theory on a theory suggesting he only touched C.J.'s breasts; rather, Brown

- 6 -

denied engaging in any type of sexual conduct with C.J. and stated C.J. was a rebellious teenager who was upset with him for criticizing her cell phone use. Thus, when considering counsel's arguments, we conclude this factor weighs against a finding of egregious harm.

Finally, regarding any other information in the record, there is nothing in the record to suggest the jury convicted Brown of committing sexual conduct, and thus indecency with a child, based on the sole act of breast touching. Rather, when examining the record as a whole, we conclude Brown failed to show any presumed jury charge error based on the trial court's failure to exclude breast touching from the definition of indecency of the child constituted egregious harm. *See Lozano*, 636 S.W.3d at 29. We therefore overrule Brown's complaint.

## C. Extraneous Offense Evidence

Brown next complains the trial court erred by failing to include a limiting instruction in the jury charge regarding extraneous offense evidence. According to Brown, C.J.'s sister, B.M., testified about various sexual acts she had as a child with Brown, and the jury charge should have placed this extraneous offense evidence "within the proper context." The State responds, contending Brown failed to request a limiting instruction when the evidence was admitted, and therefore, the trial court had no obligation to limit the use of the evidence in the jury charge. The State further points out the jury charge contained the complained-of limiting instruction.

In general, evidence of an extraneous offense is inadmissible if offered to prove a person's character to show the person acted in conformity with that character. *See* TEX. R. EVID. 404(b). Notwithstanding this general rule, evidence showing a defendant on trial for certain sex offenses against a child committed a separate offense against another child may be admissible under article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 38.37, § 2(b). Article 38.37 provides such evidence is admissible for any relevant purpose, including as proof of the defendant's character and propensity to act in conformity with his character. *Id*.

When such extraneous offense evidence is admitted against a party, Texas Rule of Evidence 105 provides the trial court, "on request," must give a limiting instruction on the scope of the evidence and instruct the jury accordingly. TEX. R. EVID. 105. It is well-established law that "if a defendant does not request a limiting instruction under Rule 105 at the time that evidence is admitted, then the trial judge has no obligation to limit the use of that evidence later in the jury charge." *Delgado v. State*, 235 S.W.3d 244, 251, 253 (Tex. Crim. App. 2007); *see Williams v. State*, 273 S.W.3d 200, 230 (Tex. 2008) ("A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge."). "Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes." *Delgado*, 235 S.W.3d at 251. Thus, "a limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted." *Id.*

Here, Brown did not request a limiting instruction when the evidence was admitted. Before opening statements, the trial court held an article 38.37 hearing to determine the admissibility of B.M.'s testimony concerning the extraneous offense evidence, and the trial court ruled the evidence was admissible. Brown did not request a limiting instruction after the trial court's ruling or at any time during B.M.'s testimony. Thus, by failing to request a limiting instruction, the evidence was admissible for all purposes, and the trial court had no obligation to limit the use of the evidence in the jury charge. *See Williams*, 273 S.W.3d at 230; *Delgado*, 235 S.W.3d at 253; *see also Beam v. State*, 447 S.W.3d 401, 406–07 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Because there was no request, the evidence became admissible for all purposes and the court was not required to give the jury any limiting instruction under Article 38.37. It naturally follows that the court was not required to give the jury a limiting instruction that tracked the language of

Article 38.37."). Moreover, a review of the jury charge shows the trial court included a limiting instruction in the jury charge concerning the scope of the extraneous offense evidence by tracking the language of article 38.37. *See Ryder v. State*, 514 S.W.3d 391, 403 (Tex. App.—Amarillo 2017, pet. ref'd) (declining to conclude the trial court erred by including an article 38.37 limiting instruction in the jury charge when trial court was not obligated to instruct the jury because defendant failed to request instruction). We therefore hold the trial court did not commit any error in the jury charge, and we overrule Brown's complaint concerning the lack of a limiting instruction in the jury charge.

### NOTICE OF OUTCRY WITNESS

As his final argument, Brown asserts the trial court abused its discretion when it permitted C.J.'s grandmother to testify as an outcry witness. According to Brown, he allegedly did not receive timely notice of the State's intent to call C.J.'s grandmother as an outcry witness as required by article 38.072 of the Texas Code of Criminal Procedure. The State contends Brown failed to preserve this issue for appeal, and even presuming he did, any error committed by the trial court was harmless.

We review a trial court's determination that an outcry statement is admissible under Article 38.072 for an abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). Article 38.072 permits the testimony of the outcry witness, the first adult who is eighteen years of age or older—other than the defendant—to whom the child made a statement describing the alleged offense. TEX. CODE CRIM. PROC. art. 38.072 §§ 2(a), (b); *Martinez v. State*, 178 S.W.3d 806, 810–11 (Tex. Crim. App. 2005). It essentially creates a hearsay exception allowing an outcry witness to testify. *See* TEX. CODE CRIM. PROC. art. 38.072 § 2. For an outcry witness to testify under this statute, the party intending to offer the outcry statement must, among other requirements not at issue here, notify the adverse party "on or before the 14th day before the date the proceedings

begin." *Id*. § 2(b)(1)(A). "If the State fails to comply with the notice requirements, we will not reverse unless that failure caused harm." *Zarco v. State*, 210 S.W.3d 816, 832 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "In our harm analysis, we determine if the failure caused appellant to be actually surprised by the outcry evidence and whether the failure prejudiced appellant." *Id.*

Here, the trial court held a hearing regarding the admissibility of the outcry witness's testimony before opening arguments. At no point during the hearing did Brown object on the basis that he did not receive adequate notice of the State's intention to call C.J.'s grandmother as an outcry witness as required by article 38.072. *See* Tex. R. App. P. 33.1(a); *see also Bargas v. State*, 252 S.W.3d 876, 895 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding appellant failed to preserve complaint about notice provided by State pursuant to article 38.072 by failing to object on that basis in trial court). We therefore conclude he failed to preserve this complaint for appeal.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish