**Affirmed and Memorandum Opinion filed August 20, 2024.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-23-00185-CR
_____

**ANGEL RAFAEL GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1620883**

## MEMORANDUM OPINION

Appellant Angel Garcia appeals his conviction for indecency with a child. In two issues, appellant argues that the trial court erred in denying his request for a mistrial and by refusing to adopt his proposed jury instruction. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was arrested on February 12, 2019, for the crime of indecency with

a child. He was indicted on July 16, 2019, for sexual contact with a minor child that occurred on or about August 24, 2009.

On March 14, 2023, jurors were selected and seated before appellant's trial. After voir dire, the trial court instructed the members of the jury that they should not independently investigate the case:

> I don't know how in the world you might be able to conduct any kind of an investigation. But if you think you've figured out some way to do it, don't do it. Do not get on the Internet and try to glean any information about this case or the criminal justice system in general. It is improper for you to do so . . . Keep in mind that everything that you need to know about this case you will hear in this courtroom and you must base your verdict on the evidence that you hear in this courtroom and not be influenced by any other matter outside the evidence and outside the courtroom.

After the jury's arrival on the morning of trial but before the jury had been sworn, Juror 4 informed the bailiff that Juror 10 had admitted that she had "looked up" the case and that she did not believe that appellant was innocent. Upon learning of Juror 10's misconduct, the trial court conducted an inquiry to determine the extent to which the jury may have been prejudiced against the defendant. The trial court individually questioned each juror outside the presence of the rest of the panel. Juror 4 reiterated to the trial court that Juror 10 had researched the case and shared that she did not believe appellant was innocent. However, she did not share the basis for her opinion or any of the information that she had found, and Juror 4 told the court that she could disregard Juror 10's opinion and decide the case based on the evidence presented at trial. No other jurors heard Juror 10's admission or opinion regarding appellant's innocence, and the trial court instructed all the jurors not to speak with anyone else about their questioning.

During the trial court's interview with Juror 10, the juror repeatedly denied

having obtained outside information about the case:

> THE COURT: [] It has come to the Court's attention that perhaps you got on the Internet to obtain some information about Mr. Garcia. Did you do that?
>
> JUROR: No.
>
> THE COURT: Have you --
>
> JUROR: No.
>
> THE COURT: -- made an effort to find out anything --
>
> JUROR: No.
>
> THE COURT: -- about him?
>
> JUROR: No.
>
> THE COURT: Did you have a conversation with any of the other jurors regarding Mr. Garcia?
>
> JUROR: This morning.
>
> THE COURT: Did you give an opinion as to whether or not you thought he was guilty or not guilty --
>
> JUROR: No.
>
> THE COURT: -- in this case?
>
> JUROR: No.
>
> THE COURT: So what was said? What was the conversation and with whom did you have a conversation?
>
> JUROR: Was he here?
>
> THE COURT: I'm sorry?
>
> JUROR: Was he here? Was he here yesterday? That was all.
>
> THE COURT: Was who here yesterday?
>
> JUROR: Mr. Garcia.
>
> THE COURT: I don't understand what you're telling me.
>
> JUROR: I asked was he here yesterday in the jury room.

3

THE COURT: You asked the other members of the jury was Mr. Garcia --

JUROR: Yes.

THE COURT: -- present?

JUROR: Yes.

THE COURT: But you didn't get on the Internet --

JUROR: No.

THE COURT: -- and look anything up?

JUROR: No.

THE COURT: You didn't try to find out any other information –

JUROR: No.

THE COURT: -- from any other source?

JUROR: No. As God is my witness, no.

THE COURT: And you didn't express any opinion that --

JUROR: No, sir. No, sir.

THE COURT: So was that the extent of what you said to the other jurors?

JUROR: That was the extent, sir, yes.

After the trial court's questioning of the jury was concluded, appellant requested a mistrial on the grounds that "somebody on this jury came in here and said something untrue to the Court under oath." The court denied appellant's request but *sua sponte* removed Juror 10 from the jury and seated the first alternate because it found she lacked credibility when she denied she had tried to find information about appellant.

During the trial, the State introduced extraneous witness testimony from another alleged victim. The trial court conducted an evidentiary hearing outside the presence of the jury. Appellant initially objected that he did not receive adequate

4

notice required by Rule 404 of the Texas Rules of Evidence, but his objection was overruled upon a showing by the State that he had, in fact, received notice. Appellant did not offer any other objections to the admission of the extraneous testimony, and the trial proceeded without incident.

Before the trial court issued its charge to the jury, appellant objected to the court's jury instruction on the grounds that it did not include a Rule 404(b) instruction. The trial court overruled appellant's objection because it refused to deliver conflicting instructions regarding character evidence and would only instruct the jury under Article 38.37 of the Texas Code of Criminal Procedure.

The jury found appellant guilty of indecency with a child, and the trial court assessed his punishment at 20 years' confinement. The trial court entered the judgment in accordance with the jury's decision, and appellant timely filed this appeal.

## II. ISSUES AND ANALYSIS

Appellant complains that the trial court abused its discretion by denying his request for a mistrial and by failing to instruct the jury that extraneous offense evidence cannot be considered for its relevance as propensity evidence under Rule 404(b).

### A. Did the trial court abuse its discretion by denying appellant's request for a mistrial?

In his first issue, appellant complains that because Juror 10 obtained outside information about the case, told Juror 4 that she did not believe appellant was innocent, and was found by the trial court to lack credibility, appellant should have been granted a mistrial. We review a trial court's ruling on a motion for mistrial under an abuse of discretion standard. *Wead v. State*, 129 S.W.3d 126, 129 (Tex.

Crim. App. 2004). Mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable errors. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). An appellate court views the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling. *Wead*, 129 S.W.3d at 129. The ruling must be upheld if it was within the zone of reasonable disagreement. *Id.*; *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Because it is an extreme remedy, a mistrial should be granted only when residual prejudice remains after less drastic alternatives are explored. *Id.* at 884-85. To determine whether the trial court abused its discretion in denying appellant's motion for mistrial, we balance the following factors: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of conviction absent the misconduct. *Archie v. State*, 340 S.W.3d 734, 738–39 (Tex. Crim. App. 2011); *see also Bonilla v. State*, No. 14-22-00428-CR, 2024 WL 1670534, at *7 (Tex. App.—Houston [14th Dist.] Apr. 18, 2024, pet. filed) (mem. op., not designated for publication).

The State argues that appellant failed to preserve error on this issue because, at trial, appellant's counsel argued only that a mistrial was appropriate because one of the jurors, either Juror 10 or Juror 4, was not telling the truth. Now, on appeal, appellant argues that a mistrial should have been declared since a juror violated the trial court's instruction and looked at outside evidence. Even assuming, without deciding, that appellant preserved this issue, appellant still cannot show that the trial court abused its discretion in denying the mistrial. Although appellant's brief, liberally construed, may address the first two factors identified in *Bonilla*, the severity of the misconduct and the curative measures taken by the trial court no part of appellant's argument can be construed as addressing the third factor. We

6

presume without deciding that appellant's arguments were preserved for the purposes of this appeal, and first address these factors appellant has addressed.

Although Juror 10 may have independently researched information about the case, she would have done so before the jury had been sworn, and she only shared with Juror 4 that she believed appellant was not innocent. She did not share the reasons for her opinion, and she did not speak to any other jurors about any outside information. The trial court spoke with each of the jurors to ensure they were not prejudiced against the defendant and removed Juror 10 from the jury. The misconduct in this case is not particularly severe, and the trial court took measures to cure any prejudice caused by the misconduct.

Texas courts have upheld denials of motions for mistrial in similar cases. In *Weatherred v. State*, at least three separate jurors were informed by outside sources that a previous trial had taken place or been threatened so as to ensure appellant's conviction. 35 S.W.3d 304, 314 (Tex. App.—Beaumont 2001, pet. ref'd). In each instance, the juror was made aware of the outside information during the course of the trial. *Id*. However, the trial court conducted a hearing with each of the jurors involved during which they testified that they had not told any of the other jurors about the defendant's previous conviction and that the information would not influence them in reaching a verdict. *Id*. The trial court found that none of the jurors had been prejudiced against the defendant and did not remove them from the jury. *Id*.

Similarly, in *Crayton v. State*, a newspaper article about a pretrial suppression hearing in the defendant's case was published before voir dire of the venire members had begun. 463 S.W.3d 531, 538 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The article contained a description of the hearing, including an inaccurate

description of evidence that the trial court had ordered suppressed. *Id*. at 537. Before voir dire, the trial court informed the venire members that an article had been published and that both parties agreed that the information in the article was inaccurate. *Id*. at 538. Several members of the venire had read the article, and one member stated that the defendant's attorney would "ha[ve] to do a good job" to convince him that the defendant was innocent. *Id*. The defendant requested a mistrial based on the venire member's statement, and the trial court denied the motion. *Id*.

In both *Weatherred* and *Crayton*, the courts upheld denials of motions for mistrial even though multiple jurors or venire members received prejudicial information. In *Crayton*, the venire member made his statement that it would be difficult to convince him of the defendant's innocence in front of the entire venire. Here, Juror 10 made a similar statement, but only Juror 4 was aware of her opinion, presenting less danger of prejudice than in *Crayton*. Similarly, the trial court removed Juror 10 from the jury, whereas the court in *Weatherred* did not remove the jurors that had received prejudicial information. The trial court's removal of Juror 10 was sufficient to cure the error associated with her improper statement. *See Crayton*, 463 S.W.3d at 538–39 ("Generally, a prompt instruction to disregard by the trial court will cure error associated with improper statements during voir dire . . . .").[1]

Although appellant does not address the third factor, we consider whether his conviction is supported in the record, i.e., the certainty of conviction absent the misconduct. At trial, complainant gave a detailed account of how appellant repeatedly sexually abused her by rubbing his knee against her vagina when she was

---

[1] Although the misconduct in this case occurred after voir dire, the jury had not yet been sworn and the court both instructed the jury to disregard any prejudicial information and removed Juror 10.

seven years old. The details she provided were specific: that appellant would do this when (1) the lights in the classroom were turned off, (2) the other students were watching a movie, and (3) the classroom door was closed. *Cf. Flores v. State*, 513 S.W.3d 146, 167 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding that conviction was certain because "although complainant's testimony was unclear as to whether more than one assault took place, complainant unequivocally testified that appellant sexually assaulted him."). Child also testified that appellant threatened to hold her back a year in school if she disclosed the abuse. Additionally, she testified that after years had passed since appellant abused her, she experienced a panic attack when she saw appellant at school. A victim's emotional trauma is evidence that the crime occurred. *See Gonzalez v. State*, 455 S.W.3d 198, 203 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *see also Mays v. State*, No. 14-18-00702-CR, 2019 WL 5704292, at *3-4 (Tex. App.—Houston [14th Dist.] Nov. 5, 2019, pet. ref'd) (mem. op., not designated for publication). The veracity of complainant's account was not contradicted, and largely supported by others. Other classmates corroborated her testimony of the details of the environment described by complainant. The forensic interviewer, Claudia Gonzalez, testified that the complainant did not appear to be coached when she interviewed her.

Because the conviction was supported by ample proof in the record, and because the misconduct was not severe and the trial court sufficiently cured any error associated with the misconduct, we overrule appellant's first issue.

**B. Did the trial court abuse its discretion by refusing to instruct the jury on the use of extraneous propensity evidence under Rule 404(b)?**

In his second issue, appellant complains that the trial court should have instructed the jury that under Rule 404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a

particular occasion the person acted in accordance with the character." Tex. R. Evid. 404(b)(1).

The purpose of the trial court's jury charge is to instruct the jurors on all of the law applicable to the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012); Tex. Code Crim. Proc. art. 36.14. When reviewing a challenge to the jury charge, we first determine whether error exists. *See Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, we then analyze that error for harm. *Beam v. State*, 447 S.W.3d 401, 406 (Tex. App.—Houston [14th Dist.] 2014, no pet.) citing *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984). Today, we need go no further than the first step.

The trial court instructed the jury on the applicable law, namely that when a criminal defendant is on trial for indecency with a child, Article 38.37 of the Texas Code of Criminal Procedure allows the jury to consider evidence of extraneous offenses for any purpose, including as propensity evidence. Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b). Appellant asserts that the trial court should have instructed the jury on both Article 38.37 and Rule 404(b); however, the trial court refused to give the jury conflicting instructions regarding the applicable law as to the consideration of character evidence. Article 38.37 creates a statutory exception to the prohibition on propensity evidence in Rule 404, so a full instruction on both laws would incorrectly apply the law by creating a direct contradiction. *See Harris v. State*, 475 S.W.3d 395, 402 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("The statute recognizes that evidence of this type is, by definition, propensity or character evidence and that it is admissible notwithstanding those characteristics.").

Appellant's proposed jury instruction conflicted with article 38.37 and would have restrained the jury from considering the evidence for a purpose allowed under

10

article 38.37.   Texas appellate courts have consistently held that a 404(b) instruction would be improper when article 38.37 applies. *See Bargas v. State*, 252 S.W.3d 876, 900-01 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding that a 404(b) instruction is not required when 38.37 applies because it would be improper for a trial court to restrain the jury from considering extraneous evidence in a manner permitted by 38.37); *see also Gumtow v. State*, No. 03-18-00077-CR, 2019 WL 6869949, at *12 (Tex. App.—Austin Dec. 12, 2019, no pet.) (mem. op., not designated for publication)(similar reasoning); *see also Cathcart v. State*, No. 05-15-01176-CR, 2017 WL 34588, at *2 (Tex. App.—Dallas Jan. 4, 2017, pet. ref'd) (mem. op., not designated for publication)(similar reasoning).

Holding that the trial court's decision to instruct the jury regarding character evidence under Article 38.37 was correct, we overrule appellant's second issue.

### III. CONCLUSION

Affording the proper deference to the trial court, we find that the trial court did not abuse its discretion by denying appellant's request for a mistrial and proposed jury instruction. Accordingly, we overrule both of appellant's issues and affirm the judgment of the trial court.


/s/     Randy Wilson
Justice

Panel consists of Chief Justice Christopher, and Justices Zimmerer and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).

11