**Opinion issued April 11, 2017.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00569-CR

———————————

## MEGAN PATE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from County Court at Law No. 2
Fort Bend County, Texas
Trial Court Case No. 15-CCR-180333

## O P I N I O N

Appellant Megan Pate pleaded "no contest" to the misdemeanor offense of

driving while intoxicated.[1] The trial court assessed her punishment at a $500 fine

---

[1]    *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2016).

and 180 days in county jail, and placed her on probation for eighteen months. The trial court certified appellant's right to appeal the judgment of conviction, permitting appellant to challenge the trial court's earlier denial of her motion to suppress. In one issue, appellant argues that the trial court erred by denying her motion to suppress because the arresting officer did not have reasonable suspicion to initiate an investigative stop because the stop was based solely upon an anonymous tip. We affirm.

## Background

Based on information received from an anonymous caller, Officer E. Salazar conducted an investigative traffic stop and temporarily detained appellant. After performing various field sobriety tests, appellant was arrested and she was subsequently charged with DWI. Appellant filed a motion to suppress evidence obtained as a result of that stop in which she argued that Officer Salazar did not have reasonable suspicion to stop her vehicle.

During the hearing on appellant's motion to suppress, Officer Salazar testified that he was dispatched to the "Whataburger on Nelson Way" after a caller reported a possible drunk driver at the scene. Salazar testified that the dispatcher had informed him that the caller had "explained that he was almost sideswiped and he approached the vehicle or drove up next to the vehicle and asked, you know, are you okay or something to that effect; and the person responded, well, I'm a little tipsy or

2

intoxicated or something to that nature." Salazar further testified that he knew which vehicle to look for when he arrived at the restaurant because the dispatcher had also conveyed the caller's description of the vehicle.

When Salazar arrived at the Whataburger, he saw the Jeep described by the caller stopped at the restaurant's pick-up window. The officer initiated an investigative stop as the Jeep was leaving the Whataburger parking lot. Officer Salazar initiated the investigative stop out of "[f]ear of [appellant's] vehicle striking somebody or, you know, just causing an accident, wrecking out."

After her motion to suppress was denied, appellant pleaded "no contest" to the misdemeanor offense of driving while intoxicated and the trial court assessed her punishment at a $500 fine and 180 days in county jail, and placed her on probation for eighteen months.

This appeal followed.

## Motion to Suppress

In her sole issue on appeal, appellant argues that the trial court erred by denying her motion to suppress because Officer Salazar did not have reasonable suspicion to initiate an investigative stop based on information obtained exclusively from an anonymous tip.

## A. Standard of Review and Applicable Law

We review a ruling on a motion to suppress evidence for an abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or part of the testimony of a witness. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

A police officer may temporarily detain a person for investigative purposes if the officer reasonably suspects that the detained person is connected with a crime. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); *Wade v. State*, 422 S.W.3d 661, 669 (Tex. Crim. App. 2013). Reasonable suspicion exists when a police officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity. *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014). Courts determine if reasonable suspicion exists by objectively viewing the totality of the circumstances. *Id.*

4

Whether a reasonable suspicion exists is dependent "upon both the content of information possessed by police and its degree of reliability." *Navarette*, 134 S. Ct. at 1687 (quoting *Alabama v. White*, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416 (1990)). The detaining officer need not personally be aware of every fact that supports a reasonable suspicion to detain because the content of the information possessed by the police includes the totality of the information known collectively to the cooperating peace officers, including dispatchers. *Derichsweiler v. State*, 348 S.W.3d 906, 915 (Tex. Crim. App. 2011) (explaining that dispatcher is regarded as "cooperating officer" for purposes of determining reasonable suspicion).

A stop may be justified if the facts underlying the traffic stop are observed by a civilian informant. *See Navarette*, 134 S. Ct. at 1688. Courts have identified several indicia of reliability with respect to tips from a citizen informant. For example, an informant may be treated as more reliable if he provides a firsthand account and a detailed description of wrongdoing. *Hawes v. State*, 125 S.W.3d 535, 539 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Navarette*, 134 S. Ct. at 1689 (observing that contemporaneous eyewitness reports of suspected criminal activity have "long been treated as especially reliable"). Courts also consider an informant who is not connected with the police inherently trustworthy when advising the police of suspected criminal activity. *Taflinger v. State*, 414 S.W.3d 881, 885 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Although an anonymous tip alone is rarely enough

to justify a traffic stop, an anonymous tip that is supported by other "sufficient indicia of reliability" may be sufficient to justify a stop. *See Navarette*, 134 S. Ct. at 1688 (citation omitted).

**B.    Analysis**

Appellant argues that Officer Salazar did not have reasonable suspicion to stop her vehicle because the officer merely identified appellant's vehicle based on the description provided by dispatch, and he did not speak to anyone at the scene or observe any criminal activity or traffic violations by appellant before initiating the stop. Appellant contends that the officer's decision to initiate the stop was based solely upon information received from an anonymous tip, and that is insufficient.

In its 2014 opinion in *Navarette*, the Supreme Court analyzed whether information provided by an anonymous caller contained sufficient indicia of reliability to justify an investigative stop. *See Navarette*, 134 S. Ct. at 1688–89, 1692. In that case, highway patrolmen received a report from an anonymous caller that a silver Ford F–150 pickup truck traveling southbound on the highway had run the caller off the road. *Id.* at 1686–87. A few minutes later, a highway patrolman encountered a truck matching the one described by the caller traveling in the direction reported. *Id.* at 1687. Though the record contained no indication that the patrolman himself observed the silver pickup driving erratically, the Court held that the caller's tip contained adequate indicia of reliability to support a reasonable

6

suspicion for a stop, given that it was based on eyewitness knowledge, was contemporaneously made, and was made to the 911 emergency system. *Id.* at 1688–89.

The caller's tip in this case is also supported by "sufficient indicia of reliability" to justify Officer Salazar's stop of appellant's vehicle. Specifically, the caller made a contemporaneous report that he was almost sideswiped by another vehicle and that when he approached appellant she admitted that she was a "little tipsy or intoxicated or something to that nature." This type of detailed information indicates that the caller had firsthand knowledge of appellant's impaired and dangerous driving. *See id.* at 1689 ("A driver's claim that another vehicle ran her off the road, however, necessarily implies that the informant knows the other car was driven dangerously."). Firsthand knowledge of alleged dangerous driving "lends significant support to the tip's reliability." *Id.*

The caller also provided a detailed description of the vehicle, including the full license plate number, along with the location of the vehicle. Based on the information the caller provided, Officer Salazar was dispatched to the Whataburger on Nelson Way where he found appellant's vehicle waiting in the restaurant's drive-thru line. The fact that the officer was able to locate a moving vehicle at the location provided by the caller is additional evidence available to the officer that the

7

caller reported the incident soon after the near collision. Such a "contemporaneous report has long been treated as especially reliable." *Navarette*, 134 S. Ct. at 1689.

Appellant argues in her reply brief that her case is distinguishable from *Navarette* because "there is no evidence on the record that the anonymous caller made use of the 911 emergency system, to make his or her report, as opposed to one of the many other phone lines operated by the local police." The fact that the caller utilized the 911 system in *Navarette*, however, is only one of the indicia of reliability that the Supreme Court considered in that case. *Id.* at 1690.

In light of the fact that the caller's detailed information was based on contemporaneously observed eyewitness knowledge, and the dispatcher conveyed the information that, unlike in *Navarette*, the caller actually spoke to the driver who essentially admitted to driving under the influence, we conclude that the call bore adequate indicia of reliability for Officer Salazar to credit the caller's account.

Under the totality of the circumstances, we conclude that there is sufficient indicia of reliability in this case to provide the officer with reasonable suspicion that appellant was driving while intoxicated. That made it reasonable under the circumstances for the officer to execute a traffic stop. *See id.* at 1692.

Accordingly, we hold that the trial court did not abuse its discretion by denying appellant's motion to suppress. We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.



Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Publish.   TEX. R. APP. P. 47.2(b).