

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00718-CR

Elvis **MACK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR4523
Honorable Ron Rangel, Judge Presiding

Opinion by:   Lori Massey Brissette, Justice

Sitting:   Lori Massey Brissette, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: May 13, 2026

AFFIRMED

Following a jury trial, appellant Elvis Mack was convicted of two counts of aggravated

sexual assault of a child pursuant to Texas Penal Code section 22.021(a)(2)(B) and one count of

attempted indecency with a child pursuant to Texas Penal Code section 21.11(a)(2). *See* TEX. PEN.

CODE §§ 22.021(a)(2)(B), 21.11(a)(2). On appeal, Mack first argues the evidence presented at trial

is insufficient to support his conviction for both counts of aggravated sexual assault of a child. He

further argues the trial court erred in admitting improper extraneous offense testimony, denying

his motion to suppress his oral non-custodial statement, admitting improper portions of his interview video, and failing to provide an adequate jury instruction limiting the jury's consideration of extraneous offense testimony. After reviewing the record and the parties' briefing, we affirm.

## BACKGROUND

Mack was in a relationship with a woman, A.R., for ten years. During that relationship, A.R. adopted two minor girls, L.R. and Y.R. Mack and A.R. lived together with the two girls.[1] After Mack and A.R.'s relationship ended, L.R. made an outcry of sexual abuse to A.R., which was followed by Y.R.'s outcry. A grand jury subsequently returned an indictment against Mack for two counts of aggravated sexual assault of a child and one count of attempted indecency of a child.

Prior to trial, a hearing was held on Mack's motion to suppress his oral statement made during a non-custodial interrogation. The trial court denied Mack's motion to suppress, finding Mack's statement was voluntary. Mack also requested the redaction of three portions of the interview recording in which, according to Mack, the detective "bolstered" the child victims' allegations. The trial court denied all but one of Mack's requested redactions.

The jury found Mack guilty of two counts of aggravated sexual assault of a child (Counts 1 and 2) and one count of attempted indecency with a child (Count 3). The trial court sentenced Mack to 30 years on Counts 1 and 2 and 10 years on Count 3, to run concurrently. Mack timely appealed.

---

[1] To protect the identity of the minor children, we refer to the children by their initials and to their adoptive mother (Mack's ex-girlfriend) as "A.R." *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

## SUFFICIENCY OF THE EVIDENCE

First, Mack argues the evidence is insufficient to prove him guilty of the two counts of aggravated sexual assault of a child, solely on the basis that there was insufficient evidence identifying Mack as the perpetrator.

### A. Standard of Review & Applicable Law

In reviewing the sufficiency of the evidence, we must consider all admitted evidence in the light most favorable to the verdict. *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021). "Evidence is sufficient to support a criminal conviction if a rational jury could find each essential element of the offense beyond a reasonable doubt." *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The evidence is insufficient only if: "(1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere 'modicum' of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; or (4) the acts alleged do not constitute the criminal offense charged." *Brown v. State*, 498 S.W.3d 666, 670 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Gonzalez v. State*, 337 S.W.3d 473, 479 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd)). Appellate courts "must consider the combined and cumulative force of all the evidence" when conducting a sufficiency analysis. *Hacker v. State*, 389 S.W.3d 860, 873 (Tex. Crim. App. 2013).

We defer to the jury's responsibility to resolve conflicts in the testimony, weigh the evidence, and "draw reasonable inferences from basic facts to ultimate facts." *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *see Day v. State*, 614 S.W.3d 121, 127 (Tex. Crim. App. 2020) (explaining the "jury is the sole judge of the credibility of a witness's testimony and the weight to assign to that testimony"). The jury is entitled to "believe all, some, or none of a witness's

testimony." *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Edwards v. State*, 666 S.W.3d 571, 574 (Tex. Crim. App. 2023); *see Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (stating reviewing court may not act as "thirteenth juror")*.* We consider only whether the jury reached a rational decision. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

To Mack's point, the State must prove that the accused is the person who committed the charged offense beyond reasonable doubt. *Bahena v. State*, 604 S.W.3d 527, 533 (Tex. App.—Houston [14th Dist.] 2020, pet. granted) *aff'd but criticized on other grounds*, 634 S.W.3d 923 (Tex. Crim. App. 2021) (citing *Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984)). The State may prove identity through direct or circumstantial evidence, together with all reasonable inferences from that evidence. *Ingerson v. State*, 559 S.W.3d 501, 509 (Tex. Crim. App. 2018); *see Jones v. State*, 458 S.W.3d 625, 630 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) ("The State may also establish identity by inferences."). Further, a child's uncorroborated testimony is sufficient on its own to support such a conviction. *Morganfield v. State*, 696 S.W.3d 194, 199 (Tex. App.—San Antonio 2024, no pet.); TEX. CODE CRIM. PROC. art. 38.07; *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd).

### B. Applicable Facts

As to Count 1, L.R. testified that when she was in the third or fourth grade, she was asleep on the floor of her bedroom when Mack came into the room and pulled down her pants, waking her up. L.R. testified Mack then laid on top of her, "spread [her legs] open," and "did a motion of going up and down." She described feeling Mack's "penis on [her] vagina" and his "heavy" body on top of hers. She testified she kept her eyes closed throughout the assault. Nevertheless, she

testified that she knew Mack was the perpetrator, stating that she felt his body and his presence and that she recognized him by his "certain smell" and "specific odor." She testified she smelled Mack's breath and smelled his cigarette smoke. L.R. testified that when she "pretended to wake up," Mack rushed to put her pants on and then left the room. L.R. explained that this "happened multiple times" in the same manner. A.R. also testified that L.R. made an outcry to her in which L.R. stated that Mack repeatedly came into her room at night, took down both his clothes and L.R.'s clothes, and rubbed his private parts on L.R.'s private parts.

L.R. testified that Count 2 occurred around the same time period, when she and Mack were alone watching a movie on a mattress in the living room of their apartment. L.R. testified that she fell asleep while Mack was lying next to her and when she awoke, Mack had placed her on top of him and was moving her body up and down. L.R. recalls her clothes remained on while her "vagina touched his penis." Although she kept her eyes closed due to fright, she testified she knew it was Mack because of "the odor and that he was the only one next to [her]" prior to the assault.[2] For both counts, L.R. explained how she knew Mack was the perpetrator. Finally, when asked to provide an in-court identification of the perpetrator of these assaults, L.R. pointed to and identified Mack in the courtroom.

### C. Analysis

Mack argues the evidence is insufficient to establish he was the perpetrator of the offenses alleged in Counts 1 and 2 because "L.R. could not give any [visual] observations about the assailant," and "no physical evidence" linked him to the offenses. But here, L.R.'s unequivocal testimony that she knew Mack was the perpetrator of both offenses is sufficient on its own to support his convictions. *See Morganfield*, 696 S.W.3d at 199; TEX. CODE CRIM. PROC. art. 38.07;

---

[2] Mack does not challenge the sufficiency of the evidence supporting his conviction for Count 3.

*Wishert*, 654 S.W.3d at 328. Further, Mack fails to account for the combined and cumulative force of all the evidence. *See Hacker*, 389 S.W.3d at 873. L.R. explained in detail how she knew Mack was the perpetrator of both counts, specifically referencing his distinctive odor, his breath, and the smell of cigarette smoke on his body. L.R. testified she was assaulted by Mack in the same manner as Count 1 multiple times. And A.R. testified that when L.R. made her outcry, she told A.R. that Mack had repeatedly assaulted her in this same manner. As to Count 2, L.R. testified Mack was the only other person in the room. Further, L.R. made a formal in-court identification of Mack as the perpetrator of both counts. *See Morganfield*, 696 S.W.3d at 199.

From this evidence, we conclude a rational juror could reasonably infer from the trial evidence that Mack was the perpetrator of the offenses alleged in Counts 1 and 2.[3] *See Curry*, 30 S.W.3d at 406. We overrule Mack's first two issues.

## EXTRANEOUS OFFENSE TESTIMONY

In his next two issues, Mack challenges the admission of Y.R.'s testimony relating to an extraneous offense, specifically an instance during which Mack pressed his penis against her vagina while she was lying on the living room couch. First, Mack contends this extraneous offense testimony was inadmissible pursuant to Article 38.37 of the Texas Code of Criminal Procedure because it was insufficient to prove beyond a reasonable doubt that he committed the act with the "intent to arouse or gratify" his sexual desire, a required finding for the offense of indecency. TEX.

---

[3] While we conclude that L.R.'s testimonial evidence regarding Counts 1 and 2 is sufficient on its own to convict Mack of these two offenses, we further note the record includes additional evidence supporting Count 3 which corroborates L.R.'s testimony about Count 1 and 2. Notably, Mack does not make the same sufficiency challenge with regard to Count 3 because the evidence is clear regarding his attempted indecency with L.R. in his bed. *See Hacker*, 389 S.W.3d at 873. Y.R. corroborated L.R.'s testimony about the incident in the bed, also pointing to Mack as the perpetrator. Further, Y.R. testified to a similar but separate extraneous offense where Mack pressed his penis against Y.R.'s vagina through his clothing while Y.R. was lying on the living room couch in her underwear, causing her to flinch in pain. This additional evidence, as explained *infra*, further supports Mack's identity as the perpetrator of sexual assaults on these girls. *See Segundo v. State*, 270 S.W.3d 79, 85–86 (Tex. Crim. App. 2008) (stating extraneous offense evidence can be probative of identity when the pattern and common characteristics of the offenses are distinctively similar).

PEN. CODE § 21.11(c). Second, Mack argues that even if the testimony was admissible under Article 38.37 it should have been excluded under Rule 403.

## A. Standard of Review & Applicable Law

A trial court has broad discretion in determining the admissibility of evidence. *Ryder v. State*, 514 S.W.3d 391, 398 (Tex. App.—Amarillo 2017) (citing *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007)). We review a trial court's decision to admit or exclude extraneous offense evidence under an abuse of discretion standard and will uphold the ruling if it falls within the zone of reasonable disagreement. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Marsh v. State,* 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Osbourn v. State,* 92 S.W.3d 531, 537 (Tex. Crim. App. 2002)).

In prosecutions for sexual offenses against children, Article 38.37 of the Texas Code of Criminal Procedure permits the State to introduce evidence that a person has committed extraneous sexual offenses against any child victim. TEX. CODE. CRIM. PROC. art. 38.37. Article 38.37, Section 2 provides that notwithstanding Texas Rules of Evidence 404 and 405, evidence that the defendant committed a separate sexual offense against a child may be admitted in trial for an alleged offense of aggravated sexual assault of a child "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity" therewith. TEX. CODE. CRIM. PROC. art. 38.37, § 2(b); *Colvin v. State,* 467 S.W.3d 647, 654 (Tex. App.—Texarkana 2015, pet. ref'd). By putting identity at issue, Mack invited the admission of extraneous offense evidence to prove a pattern of conduct and the common characteristics of the offenses. *See Segundo v. State*, 270 S.W.3d 79, 85–86 (Tex. Crim. App. 2008).

**B. Sufficiency of Evidence to Prove Intent to Arouse or Gratify Sexual Desire**

Mack argues the trial court abused its discretion in admitting the extraneous offense testimony under Article 38.37 because the evidence was inadequate to prove Mack committed the extraneous offense of indecency with a child beyond a reasonable doubt, specifically contending that the evidence failed to establish Mack's intent to arouse or gratify his sexual desire. *See* TEX. PEN. CODE § 21.11(c) (requiring proof the defendant acted with intent "to arouse or gratify the sexual desire of any person"). This specific intent may be inferred from circumstantial evidence, "such as acts, words, and the conduct of the appellant." *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).[4] A child victim's uncorroborated testimony alone is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. art. 38.07; *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd).

At the Article 38.37 hearing,[5] Y.R. testified that Mack pressed and moved his genital area against hers, applying pressure, and she testified she could see his "private" through his clothes, suggesting he had an erection. A rational trier of fact could conclude from this victim testimony regarding Mack's actions that he had the requisite intent to arouse or gratify his sexual desire. *See Guevara*, 152 S.W.3d at 50; TEX. CODE CRIM. PROC. art. 38.07; *Wishert*, 654 S.W.3d at 328. Accordingly, we conclude that the trial court did not abuse its discretion by admitting the evidence before the jury.[6] *See* TEX. CODE CRIM. PROC. art. 38.37, § 2-a.; *Devoe*, 354 S.W.3d at 469.

---

[4] "By its nature, a culpable mental state must generally be inferred from the circumstances." *Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018); *see Duntsch v. State*, 568 S.W.3d 193, 216 (Tex. App.—Dallas 2018, pet. ref'd) ("Proof of mental state will almost always depend upon circumstantial evidence.").

[5] Given the invocation of Article 38.37, the trial court appropriately conducted a hearing outside the presence of the jury to determine whether the evidence to be admitted would be "adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE. CRIM. PROC. art. 38.37, § 2-a; *see Harris v. State*, 475 S.W.3d 395, 398 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Once the trial court determined the evidence was admissible, Y.R. was allowed to testify to the living room incident before the jury.

[6] At this threshold stage, "the trial court is the fact finder and as such, is the sole arbiter of the credibility of the witness and the weight given to his or her testimony." *Deggs v. State*, 646 S.W.3d 916, 924 (Tex. App.—Waco 2022, pet. ref'd) (citing *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978)).

### C. Admissibility under Rule 403

Even when evidence is admissible under Article 38.37, it may be subject to exclusion under Texas Rule of Evidence 403. Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. But, we are mindful that "[a]ll evidence against a defendant is, by its very nature, designed to be prejudicial." *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). Evidence is "unfairly prejudicial" only when it has an undue tendency to "tempt the jury into finding guilt on grounds apart from proof of the offense charged." *State v. Mechler,* 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). In reviewing a trial court's determination under Rule 403, balancing the probative value of the evidence against the likelihood that the jury may be unfairly swayed, confused or misled, we are to "reverse the trial court's judgment rarely and only after a clear abuse of discretion." *West v. State*, 554 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (quoting *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)).

Y.R.'s testimony carried substantial probative value because of its bearing on relevant matters including Mack's contention that the evidence was insufficient to identify him as the perpetrator. *See* TEX. CODE. CRIM. PROC. art. 38.37, § 2(b); *Colvin,* 467 S.W.3d at 654; *Gigliobianco v. State*, 210 S.W.3d 637, 642 (Tex. Crim. App. 2006) (stating evidence of multiple acts, particularly when similar to the charged conduct, strengthens the logical relevance and probative force of the evidence). Here, Y.R.'s testimony evidences a pattern of similar sexual contact with children in the same household during the same time period. Indeed, Y.R.'s testimony describes an offense so distinctively similar as to act as Mack's signature: pressing his penis

against a minor child's vagina in the home when no other adults are present. This is substantially probative with regard to the issue of identity. *See Segundo*, 270 S.W.3d at 85–86.

Furthermore, the record does not demonstrate the likelihood that the evidence of the extraneous offense would have an undue tendency to tempt the jury into finding him guilty of the charged offenses on improper grounds. *See Mechler,* 153 S.W.3d at 440; *Pawlak*, 420 S.W.3d at 809. Instead, Y.R.'s testimony "relates directly to the charged offense[s]" and is no more inflammatory than the charged offenses themselves. *Mechler*, 153 S.W.3d at 440–41; *see Chavez v. State*, 399 S.W.3d 168, 173 (Tex. App.—San Antonio 2009, no pet.). Nor does the record show Y.R.'s extraneous offense testimony confused the issues, misled the jury, consumed an inordinate amount of time, or repeated evidence already admitted. *See* TEX. R. EVID. 403; *West*, 554 S.W.3d at 241.

On this record, we cannot find the trial court abused its discretion in admitting the extraneous offense testimony. *See Gigliobianco*, 210 S.W.3d at 641–43; *West*, 554 S.W.3d at 239. We therefore overrule Mack's third and fourth issues.

### DENIAL OF MOTION TO SUPPRESS

In his fifth issue, Mack argues the trial court erred in denying his motion to suppress his oral non-custodial statement to law enforcement. Mack contends his alleged intoxication, his diminished mental capacity, and law enforcement's coercive interrogation techniques rendered his statement involuntary under Article 38.22. *See* TEX. CODE CRIM. PROC. art. 38.22.

#### A. Standard of Review & Applicable Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Monjaras v. State*, 664 S.W.3d 921, 926 (Tex. Crim. App. 2022). We afford "almost total deference to the trial court's findings of historical fact that are reasonably supported by the record and to its

resolution of mixed questions that turn on credibility or demeanor[.]" *Lopez v. State*, 610 S.W.3d 487, 494 (Tex. Crim. App. 2020). However, we review a trial court's legal conclusions and its resolution of mixed questions that do not turn on credibility or demeanor de novo. *Monjaras*, 664 S.W.3d at 926. The trial court is "the sole and exclusive trier of fact and judge of the credibility of the witnesses," and "is entitled to believe or disbelieve all or part of the witness's testimony." *Carter v. State*, 309 S.W.3d 31, 41, 42 n.56 (Tex. Crim. App. 2010); *Pate v. State*, 518 S.W.3d 911, 914 (Tex. App. —Houston [1st Dist.] 2017, pet. ref'd). As a result, the ruling must be upheld if it is "reasonably supported by the record" and correct under any applicable theory of law. *Martinez v. State*, 513 S.W.3d 87, 93 (Tex. Crim. App. 2016).

A defendant's statement during a non-custodial interrogation is admissible if it is "freely and voluntarily made without compulsion or persuasion." TEX. CODE CRIM. PRO. art. 38.21; *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). Where voluntariness of a statement is raised, the trial court shall determine whether the statement was made under "voluntary conditions" by considering the totality of the circumstances. TEX. CODE CRIM. PRO. art. 38.22, § 6; *Lopez*, 610 S.W.3d at 494.

## B. Applicable Facts

Mack voluntarily appeared at the police department and provided a recorded statement to the detective. The interview occurred in a non-custodial setting and Mack was not under arrest at the time he made the statement. The entire interview was video recorded and admitted at the suppression hearing.

Both the detective and Mack testified at the hearing. The detective testified he considered the interview to be non-custodial and voluntary. He noted Mack showed up for the interview on his own and was not placed under arrest or restrained with handcuffs at any point. The detective

stated he had explained to Mack he was free to leave the interview at any time. The detective also testified that Mack did not appear intoxicated, understood the questions, and was able to answer them appropriately and rationally. Mack testified he drove himself to the interview, but he asserted he was intoxicated from marijuana during the questioning. Mack asserted this intoxication affected his ability to think clearly and answer the detective's questions and affected his understanding of his ability to leave the interview. At the conclusion of the hearing, the trial court denied Mack's motion to suppress.

Because the trial court did not enter written findings of fact and conclusions of law regarding the voluntariness of Mack's statements, we abated this appeal and remanded the matter to the trial court, ordering the trial court to prepare and file these written findings of fact and conclusions of law.[7] The trial court did so. It found the detective's testimony at the hearing was "truthful and credible." In contrast, the trial court found Mack's testimony regarding the voluntariness of his statement was "not credible." It found "the evidence of defendant's intoxication was not credible." The trial court noted that it watched the video interview at the hearing, and it found the video "reflects that the defendant gave his interview freely and voluntarily; that he spoke clearly and articulately; and that he did not appear to be intoxicated in any way." The trial court further found "the testimony of [the detective] with regard to the interview being noncustodial and voluntary was credible, and that the testimony of the defendant supports that conclusion." The trial court concluded that Mack's statement was made "knowingly and voluntarily."

---

[7] *See* TEX. CODE CRIM. PRO. art. 38.22, § 6 ("In all cases where a question is raised as to the voluntariness of a statement of an accused," the trial court "must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause."); *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (explaining Article 38.22 requires written findings of fact and conclusions of law "in all cases concerning voluntariness.").

## C. Analysis

Mindful that we must afford almost total deference to the trial court's findings of fact that are reasonably supported by the record and to its resolution of mixed questions that turn on credibility or demeanor, we cannot conclude the trial court erred by denying Mack's motion to suppress. *See Lopez*, 610 S.W.3d at 494. The hearing testimony and the interview video reasonably support the trial court's factual findings. We defer to the trial court's assessment of the credibility of the testimony. *See Carter*, 309 S.W.3d at 41–42. Therefore, we cannot find Mack's statement was involuntary based on intoxication or any coercion by the detective.[8]

We further note that Mack did not argue that his statement was involuntary due to diminished mental capacity at the suppression hearing or at any point prior to the trial court's ruling on the motion to suppress. This argument based on diminished mental capacity was therefore not preserved. *See Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016); *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006); TEX. R. APP. P. 33.1(a). We overrule Mack's fifth issue.

### ADMISSION OF TWO PORTIONS OF THE INTERVIEW VIDEO

In his sixth issue, Mack argues the trial court erred by admitting portions of the interview video that he contends "bolstered" the child victims' allegations. Specifically, Mack sought to redact three portions of the interview video. The trial court denied all but one of his requested

---

[8] Intoxication is relevant but does not alone render a statement involuntary. *Sandoval v. State*, 665 S.W.3d 496, 526 (2022). Rather, the question is whether the defendant's intoxication rendered him "incapable of making an independent, informed decision to make a statement." *Schnidt v. State*, 357 S.W.3d 845, 854 (Tex. App. —Eastland 2012). A statement is involuntary due to coercion only if circumstances were present to bear on the defendant's ability to make a "free and unconstrained choice." *State v. Cielencki*, 706 S.W.3d 634, 717 (Tex. App.—Austin 2025). Even so, slight police deception or psychological tactics, without more, do not compel suppression. *Hernandez v. State*, 421 S.W.3d 712, 717 (Tex. App.—Amarillo 2014). "The ultimate question is whether appellant's will was overborne." *Martinez*, 513 S.W.3d at 93. Here, the trial court's findings regarding intoxication and coercion turn on the credibility of the testimony and are supported by the record, so we must defer to them. *See Carter*, 309 S.W.3d at 41–42; *Lopez*, 610 S.W.3d at 494.

redactions.[9] We review the trial court's decision to admit evidence for abuse of discretion. *Ryder v. State*, 514 S.W.3d 391, 398 (Tex. App.—Amarillo 2017).

On appeal, Mack challenges the admission of the portion of the interview video containing the following statement by the detective:

> So, you know, I'm thinking something probably did happen, uh, between you and [L.R.], maybe [Y.R.] as well. Um, maybe it was a mistake, maybe it was a one-time thing, but you know, they were pretty believable, you know, in their interview, okay. Kids don't lie, you know, and they're not consistent when they say stuff if they're lying, you know? In this case, everything is pretty consistent with the police report. So I'm tending to think something did happen between you, and, you know, I appreciate you being here and stuff. Um, and like I said, you know, you're not, look, you're not a sex offender, you know, and things like that. So maybe something might have happened. Like I said, you could have been drinking. Um, but something I think did happen between you and [L.R.] and you and [Y.R.].

Mack also challenges the admission of the video portion where the detective, after Mack asserted that he did not understand where the children's accusations were coming from, responded: "Well it takes kids time."

Mack did not raise any specific objection to the admission of these two video portions other than asserting the jury should not see them because the detective's statements could "bolster" the child victims' allegations. The State argues this was insufficient to adequately preserve the issue, citing *Rivas v. State*, 275 S.W.3d 880, 886 (Tex. Crim. App. 2009) ("While the term 'bolstering' is slowly dying as an objection on its face, it has not yet expired, despite the fact that the term itself failed to survive the adoption of the Rules. Its continued lifeline is evidenced by the application of 'bolstering' objections at trials in many districts in Texas."); *but see, e.g.*, *Poor v. State*, 715 S.W.3d 15, 42 (Tex. App.—Eastland 2024, pet. ref'd) ("The objection of 'bolstering' is archaic in

---

[9] Before the jury was shown the interview video, the trial court gave the jury the following instruction: "You are instructed that during the videotape there is questioning by a police officer. The questions asked or statements made by the officer are not offered as nor admitted for the truth of the matter asserted. That means that what the officer asks or asked is admitted for the purpose of assisting you, if it does, to put the matters in context. When the officer is asking questions that assume facts, you are not to consider those questions as truth but only as part of the interview and the context of the interview."

Texas trial practice and has been criticized as no longer adequate to preserve error.") (quoting *McQueen v. State*, No. 11-21-00098-CR, 2022 WL 16984292, at \*5 (Tex. App.—Eastland Nov. 17, 2022, no pet.) (mem. op., not designated for publication)).

Assuming without deciding that Mack preserved this issue for appellate review, we cannot conclude the trial court abused its discretion by admitting the testimony with an instruction to the jury that the detective's statements and/or questions in the video were not offered or admitted for the truth of the matter asserted. Mack's reliance on *Salinas v. State*, 166 S.W.3d 368, 371 (Tex. App.—Fort Worth 2005, pet. ref'd) is misplaced. There, our sister court determined the trial court abused its discretion in admitting a witness's testimony because its only purpose was "to directly bolster the credibility of the complainant and a direct comment on the complainant's truthfulness." *Id.*

Here, we do not address the admission of witness testimony designed to bolster another witness's credibility. *See Joseph v. State*, 367 S.W.3d 741 (Tex. App.—Houston [14th Dist.] 2012). Instead, we address the admission of a highly probative video interview of Mack that includes statements and questioning by a detective which were clearly focused on facilitating conversation about the incidents in question. And, the trial court instructed the jury that "[t]he questions asked or statements made by the officer are not offered as nor admitted for the truth of the matter asserted." In fact, the jury was instructed that, "[w]hen the officer is asking questions that assume facts, you are not to consider those questions as truth but only as part of the interview and the context of the interview."

The trial court was well within its broad discretion to admit these portions of the video interview in this fashion. *See Ryder*, 514 S.W.3d at 398. We overrule Mack's sixth issue.

## LIMITING INSTRUCTION

In his final issue, Mack complains the trial court erred by failing to include an adequate limiting instruction in the jury charge regarding Y.R.'s extraneous offense testimonial evidence. Mack argues that because the jury charge did not instruct the jury to compare Y.R.'s extraneous offense testimony to the elements of any specific offenses, the jury was improperly left to speculate on the permissible use of this evidence. The State counters that because Mack failed to request a limiting instruction when Y.R.'s extraneous offense testimonial evidence was admitted, the trial court had no obligation to limit the use of the evidence in the jury charge. The State also asserts the trial court did not err by failing to list any specific offenses in the limiting instruction it gave to the jury.[10]

Appellate review of an alleged charge error involves a two-step analysis: first, we determine whether error occurred. If so, then we must next evaluate whether sufficient harm resulted from the error to require reversal. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). When extraneous offense evidence is admitted against a party, Texas Rule of Evidence 105 provides the trial court, "on request," must give a limiting instruction on the scope of the evidence and instruct the jury accordingly. TEX. R. EVID. 105. It is well-established law that "if a defendant does not request a limiting instruction under Rule 105 at the time that evidence is admitted, then the trial judge has no obligation to limit the use of that evidence later in the jury charge." *Delgado v. State*, 235 S.W.3d 244, 251, 253 (Tex. Crim. App. 2007) (citing *Hammock v. State*, 46 S.W.3d

---

[10] The jury instruction regarding the extraneous offense evidence stated:

> You are instructed that if there is any evidence presented that the defendant allegedly committed a separate offense or offenses against a child who is not the complainant in this case, that evidence was admitted for any bearing it may have on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. However, you cannot consider such evidence unless you find and believe beyond a reasonable doubt that the defendant committed such separate offense or offenses.

889, 894 (Tex. Crim. App. 2001)); *see Williams v. State*, 273 S.W.3d 200, 230 (Tex. 2008) ("A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge."). "Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes." *Delgado*, 235 S.W.3d at 251. Thus, "a limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted." *Id.*

Here, Mack did not request a limiting instruction when the extraneous evidence was admitted, nor at any point in the record. Before Y.R.'s extraneous offense testimony was admitted, the trial court held an Article 38.37 hearing and the trial court ruled the evidence was admissible. Mack did not request a limiting instruction after the trial court's ruling or at any time during Y.R.'s testimony. Instead, Mack objected solely to the *admission* of the extraneous evidence. *See Martin v. State*, 176 S.W.3d 887, 899 (Tex. App.—Fort Worth 2005, no pet.). Because Mack did not specifically request a limiting instruction, "the evidence was admitted for all purposes" and the trial court had no obligation to limit the use of the evidence in the jury charge. *Id.* (citing *Hammock*, 46 S.W.3d at 895); *see Williams*, 273 S.W.3d at 230; *Delgado*, 235 S.W.3d at 253; *Beam v. State*, 447 S.W.3d 401, 406–07 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Even so, the trial court did include a limiting instruction in the jury charge that tracked the language of Article 38.37. *See Ryder v. State*, 514 S.W.3d 391, 403 (Tex. App.—Amarillo 2017, pet. ref'd) (declining to conclude the trial court erred by including an Article 38.37 limiting instruction in the jury charge when trial court was not obligated to instruct the jury because defendant failed to request instruction).

- 17 -

We therefore hold the trial court did not commit any error in the jury charge, and we overrule Mack's complaint concerning the adequacy of the limiting instruction in the jury charge.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment of conviction.

Lori Massey Brissette, Justice

DO NOT PUBLISH